## *In re* SHEPARD.

109   631
f121   609

1. ATTORNEYS AT LAW—DISBARMENT—JURISDICTION.

    The court may, in its discretion, entertain proceedings to disbar an attorney upon charges verified on information and belief only.

2. SAME—JURY TRIAL. .

    In disbarment proceedings, respondent is not entitled to a trial by jury.

3. SAME—SUFFICIENCY OF CHARGES.

    Charges that an attorney at law, under circumstances showing that he was acting as attorney for one who was suspected of being instrumental in causing an abortion, was present at the bedside of the girl suffering from the effects thereof, for the purpose of preventing her from making an *ante mortem* statement concerning the affair, that he directed who should care for her, and forbade that any person should be alone with her, and further directed her attendant not to permit her to make any statement concerning herself, her condition, or the cause thereof, and which state, as a conclusion from the facts alleged, that respondent "was guilty of unlawful and unpro· fessional conduct in that he *attempted to stifle evidence* of the commission of a crime, by preventing an *ante mortem* statement," are sufficiently specific, and, if sustained, constitute a legal ground for disbarment.

4. SAME—VALIDITY OF JUDGMENT.

    The charges in such case will support a finding that "respondent has been, and is, guilty of the several acts of misconduct, *in stifling evidence,* with which he is charged."

5. SAME—ENTRY NUNC PRO TUNC.

    A clerk cannot render void the proceedings disbarring an attorney by omitting to enter the judgment of disbarment; and it is competent for the judge to cause a record to be made of his judgment *nunc pro tunc,* when its omission is discovered.

*Certiorari* to Hillsdale; Lane, J.   Submitted May 1, 1896.   Decided June 30, 1896.

Charles A. Shepard was disbarred from practicing as an attorney at law, and brings *certiorari.* Affirmed.

*Charles A. Shepard*, in *pro. per.*

*Guy M. Chester, James S. Galloway*, and *Frank A. Lyons*, committee for bar of Hillsdale county.

HOOKER, J. The defendant was a practicing lawyer in Hillsdale county, and was disbarred by a judgment of the Hillsdale circuit court, upon charges filed by the prosecuting attorney. The legal questions presented are:

1. Had the court jurisdiction?
2. Were the charges sufficient?
3. Was the defendant denied sufficient time in which to prepare for trial?
4. Was he entitled to a jury trial?
5. Was there evidence warranting the judgment?
6. Were the proceedings rendered void by the failure of the clerk to enter judgment at once, and had the court power to cause the entry to be made *nunc pro tunc*, in a blank space left for the entry in the proceedings of the day upon which the decision was announced, when the omission was brought to his attention?

The charges filed in the case were quite explicit, being signed, and verified upon information and belief, by the prosecuting attorney. The defendant contends that charges against an attorney must be verified, and that it is not sufficient if they be stated or appear to be upon information and belief. In criminal proceedings and proceedings by *capias ad respondendum*, it is generally considered necessary that the circumstances upon which the magistrate issues his warrant should be shown by the testimony of those conversant with them. In such cases the defendant may be deprived of his liberty; but in other proceedings, where neither the person nor property is subject to interference or seizure, verification is not usual. Even in garnishment and attachment it is sufficient to state certain material facts upon information and belief. It is a proper, and perhaps the most natural,

practice, that charges be presented by petition, which, under the ordinary course of practice, would be verified, or by motion supported by affidavit. Upon these an order to show cause issues, which brings the defendant before the court, and gives him the opportunity to answer. Weeks on Attorneys at Law (page 180) says that "the proper practice in applications to strike an attorney's name from the rolls is to apply to the court, and support the application by affidavits, setting forth, directly, positively, and specifically, the misconduct complained of." In *Ex parte Burr*, 9 Wheat. 529, Chief Justice Marshall expressed the opinion (not necessary to a decision of the case, however, and not controverted, but admitted in that case) that charges in a regular complaint against an attorney ought not to be received and acted upon unless made on oath; but this falls short of the proposition that they can be made and verified only by those having personal knowledge of the facts. That is more than is required in bills of complaint and ordinary petitions, the rules of court prescribing a form which recognizes verification upon information and belief. We are cited to a number of cases in support of the contention, but they appear to be criminal cases, *capias*, or fraudulent-debtor proceedings, or cases where statutory requirements are involved.

While a court may properly hesitate to issue an order to show cause upon the bare statement of charges, and require verified charges, we are not aware of any prohibition. It is a matter of judicial discretion, and may be exercised upon any information that moves such discretion. Weeks asserts that—

"It is the duty of the court to cause charges to be preferred against an attorney whenever it is satisfied, * * * from any satisfactory proof, that a case exists where the public good and the ends of justice require it." Weeks, Attys. at Law, 179.

Such course has been followed repeatedly. In *Ex parte Wall*, 107 U. S. 265, the order was issued upon

information to the judge by an eyewitness of the act charged, and a motion to dismiss was denied. In *Randall* v. *Brigham*, 7 Wall. 523, the order was issued upon a letter addressed to the grand jury. An unanimous court, speaking through Mr. Justice Field, said:

" It is not necessary that proceedings against attorneys for malpractice or any unprofessional conduct should be founded upon formal allegations against them. Such proceedings are often instituted upon information developed in the progress of a cause, or from what the court learns of the conduct of the attorney from its own observation. Sometimes they are moved by third parties upon affidavit, and sometimes they are taken by the court upon its own motion. All that is requisite to their validity is that when not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney of the charges made, and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation."

See, also, *Ex parte Steinman*, 95 Pa. St. 220, where the court said:

" We entertain no doubt that a court has jurisdiction, without any formal complaint or petition, upon its own motion, to strike the name of an attorney from the roll in a proper case, provided he has had reasonable notice and been afforded an opportunity to be heard in his own defense."

*In re Wool*, 36 Mich. 299, is a case where this court, acting upon information derived from a cause heard before it, issued an order to show cause, and disbarred the defendant; thus recognizing the rule that the court may issue its order whenever it satisfactorily appears that justice requires it. The proceeding is a summary one, and the essential requirements are that the defendant have reasonable notice and an opportunity to be heard in his defense. This is not a proceeding by way of punishment, though the deprivation of the privileges of an attorney may be a matter of serious importance to a

practitioner. It is a measure necessary to the protection of the public, who have a right to expect that courts will be vigilant in withholding, and, if already given, withdrawing, their certificates of qualification and character, upon which the public rely. Attorneys are officers in a sense; they must possess such qualifications as the law prescribes, sanctioned by the certificate of the courts, or they may not enjoy the privileges of the office. As said by Mr. Justice WHIPPLE, in *Re Mills*, 1 Mich. 395:

"Should this court, after being officially advised that one of its officers has forfeited the good name he possessed when permitted to assume the duties of his office, still hold him out to the world as worthy of confidence, they would, in my opinion, fail in the performance of a duty cast upon them by the law. It is a duty they owe to themselves, to the bar, and the public, to see that a power which may be wielded for good or for evil is not intrusted to incompetent or dishonest hands. The extreme judgment of expulsion is not intended as a punishment inflicted upon the individual, but as a measure necessary to the protection of the public, who have a right to demand of us that no person shall be permitted to aid in the administration of justice whose character is tainted with corruption."

In the case before us, a petition was filed by the prosecuting attorney of the county, setting up minutely the acts with which defendant was charged, and appending a verification that he had been informed of and believed the statements made. This was a sufficient charge to satisfy the circuit judge, and he issued his order to show cause, requiring an answer within two days after personal service. A motion to dismiss for want of jurisdiction was denied, and thereupon an answer was filed. This was upon January 20th, and the return shows that February 1st was fixed as a day of hearing, without objection by the defendant. No motion or showing was made for a continuance after the answer was filed, and, had there been, we do not discover that the discretion of the circuit court was abused.

We think it unnecessary to discuss the defendant's claim to a right of trial by jury. The control of admission to the bar is confined to courts, and juries have nothing to do with it. It has been the uniform practice for the judge to dispose of such matters.

The charges upon which the defendant was tried related to the death of a girl from an abortion, and it was charged that the defendant was with her for a time before her death, for the purpose of preventing her making an *ante mortem* statement concerning the affair; that he directed who should care for her, and forbade that any person should be with her alone, and directed her attendant (one Wright) not to permit her to make any statement concerning herself, or her condition, or the cause thereof. This was under circumstances showing that he was acting as attorney for one who was suspected of being instrumental in causing the abortion. The complaint states, as a conclusion from the facts alleged, among other things, that defendant "was guilty of unlawful and unprofessional conduct in that he attempted to stifle evidence of the commission of a crime, by preventing an *ante mortem* statement of said Viola Stevens." Counsel contend that these charges were not sufficiently specific, and that they do not constitute a legal ground for the disbarment of the defendant; but we think they obviously do.

The judgment entered, after the formal parts, continued as follows: "It appearing to the said court now here that the said Charles A. Shepard hath been, and is, guilty of the several acts of misconduct, in stifling evidence, with which he is charged, it is thereupon ordered," etc. This was substantially finding that his acts in and about stifling evidence,—attempted or successful,—as charged, were found to have been proved; and the distinction between the attempt to stifle evidence and the stifling of evidence is overnice.

The clerk could not render the proceedings void by omitting to enter the judgment; and it was competent

for the circuit judge to cause the record to be made of his judgment *nunc pro tunc*, when its omission was discovered.

We find no error in the proceedings, and the judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.