*In re* RADFORD.

1. ATTORNEY AND CLIENT — DISBARMENT PROCEEDINGS — WORDS AND PHRASES—ACTION AT LAW.
   Proceedings for disbarment are the exercise on the part of the court of its inherent right and power to preserve the orderly administration of justice, and are not actions at law.

2. SAME.
   The conduct of every officer of a court is always the subject of supervision and inquiry on the part of the court.

3. CERTIORARI — DISBARMENT PROCEEDINGS — APPEAL AND ERROR —DEMURRER.
   Certiorari does not lie, as in actions at law, to review the order of a circuit court in disbarment proceedings overruling a demurrer to the charges filed against an attorney, until after a final determination. Act No. 310, Pub. Acts 1905.

4. SAME—ATTORNEY AND CLIENT—SUPREME COURT.
   The Supreme Court has exercised general supervisory jurisdiction in such cases, but has never assumed exclusive jurisdiction.

Petition by George W. Radford for a writ of certiorari

to review an order overruling a demurrer to a petition for his disbarment as an attorney at law. Submitted October 1, 1909. (Calendar No. 23,804.) Writ denied December 10, 1909.

*Thomas A. E. Weadock*, for petitioner.

*Charles T. Wilkins* and *Charles W. Casgrain, amici curiæ.*

McALVAY, J. Pending proceedings before the circuit court for Wayne county for the disbarment of petitioner, he applies to this court for a writ of certiorari to review the action of such court in overruling his demurrer to the charges filed against him. Upon the filing of the petition in this court, briefs were requested from both parties as to whether the issuance of the writ of certiorari was the proper practice at this stage of disbarment proceedings. The legislature by Act No. 310, Pub. Acts 1905, made a change in the practice, as to a review of certain questions by this court on certiorari, as follows:

" Whenever in any action at law in a circuit court * * * the issue raised on a demurrer * * * shall be decided adversely to the party filing such * * * demurrer * * * the decision may be reviewed by writ of certiorari forthwith."

Before this enactment, the practice in this State, with few, if any, exceptions, had been not to allow a writ of certiorari before a final decision in a case by an inferior court.

It is urged by petitioner that proceedings of this kind are fairly within the statute, and are actions at law, and therefore that he is entitled to this writ under the provisions of the statute; and, further, if not included within the terms of the statute, in these proceedings such a case is made that the court should interfere to prevent great injury which may befall petitioner if denied. It is also urged that the practice in such proceedings has never been fixed by this court, and also that the circumstances of this

case warrant this court, in the fair exercise of its discretion, to issue the writ for the purpose of at this time determining the questions of law presented. Of these contentions the first must be determined against relator. In no sense can such proceedings be called an action at law. Like contempt proceedings, proceedings for disbarment are the exercise on the part of a court of its inherent right and power to preserve the orderly administration of justice. The conduct of every officer of a court is always the subject of supervision and inquiry on the part of the court. This court has held that proceedings for contempt were not within the statute. While contempt proceedings are regulatory of the individual conduct of all parties in the presence of the court and elsewhere to preserve due respect for it and to prevent interference with the orderly course of business, and preserve its dignity, yet such proceedings are necessarily the exercise of inherent power and right of self-preservation. So proceedings for disbarment, although not in the nature of police regulations, are taken by courts to protect the administration of justice, and to guard the interests of litigants against the rapacity or cupidity of officers of the court who alone are authorized to present their disputes before the court. Incidentally such proceedings are beneficial to the profession of the law by eliminating unworthy members; but primarily to preserve from contamination the administration of justice.

We do not think the cases passed upon by this court, and cited by petitioner, where under the statute invoked certiorari has been held the proper remedy, are of any cogency in support of relator's claim. There was apparently little dispute upon the question of remedy. These cases arose in ordinary actions at law upon motions to quash writs or declarations upon jurisdictional grounds, demurrers, pleas to the jurisdiction, or other dilatory pleas—all strictly within the provisions of the statute. There is no settled practice in disbarment proceedings in this State. Eight cases only are reported. Seven of these

were instituted in this court. The earliest case (*In re Mills*, 1 Mich. 392) was before this court upon questions of law reserved by the circuit judge of Kent county under a statute at that' time in force allowing such practice. Under such practice, the court passed upon certain questions of law and remanded a case for the guidance of the trial court. Later that statute was declared unconstitutional, and the case furnishes us no precedent. None of the other cases shows the course of procedure, except *In re Shepard*, 109 Mich. 631 (67 N. W. 971), begun in Hillsdale circuit court, in which a motion was made to dismiss the application on jurisdictional grounds, and after its denial an answer was filed, proofs taken, and disbarment adjudged. The case was then reviewed by this court on certiorari and affirmed. This court has exercised general supervisory jurisdiction in all these cases, but has never assumed exclusive jurisdiction. There would appear to be no reason why proceedings of this kind should be commenced in this court, except where the conduct complained of is directly connected with cases before the court. The time of the court would be unnecessarily taken up with the hearings of these issues of fact, which should usually be heard where they arise. The better practice would be to have the trial courts try and determine these matters, leaving to the persons disciplined a review by this court of any questions of law raised. There is no reason why the responsibility of regulating the conduct of the attorneys in the several circuits should be shifted upon this court. These proceedings were begun in the proper forum. As to questions raised which go to the merits, we at this time express no opinion, nor do we assume the promulgation of any rules of practice relative to these proceedings to be necessary.

So far there appears to have been no difficulty in getting the ear of this court to review any questions involved in such proceeding. It does not appear since the *Mills Case* that any have been brought here for review until final determination in the circuit court. We approve this

practice, and refuse to hear these matters in any other manner. Any other method we think would tend to hinder and delay the prompt disposition of a class of proceedings which should be prosecuted with all due dispatch.

The writ of certiorari is denied, and the matter will proceed in the court below until finally determined.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.