[Civ. No. 5254.  Second Appellate District, Division One.—December 10, 1925.]

In the Matter of W. ONA MORTON, Formerly an Attorney and Counselor at Law.

[1] ATTORNEY AT LAW — DISBARMENT — REINSTATEMENT — FITNESS— SUFFICIENCY OF PUNISHMENT. — Upon an application by a disbarred attorney for reinstatement, a mere sentimental belief that the erring lawyer has been sufficiently punished will not justify his restoration to the bar, but the real question is whether, notwithstanding his former delinquency, the applicant is now fit to be admitted to the practice of the law and if there is reasonable ground to believe that this fitness will permanently abide in him.

---

1.  See 3 Cal. Jur. 751; 2 R. C. L. 1114.

[2] Id.—Order for Reinstatement—Intent of Law.—Reinstatement after disbarment should be difficult, rather than easy, to obtain, but the law does not intend that the obtaining of an order for reinstatement shall be practically impossible, and upon this application for reinstatement by a disbarred attorney the appellate court finds in favor of the application.

(1) 6 C. J., p. 615, n. 79.    (2) 6 C. J., p. 615, n. 79, 81.

APPLICATION for reinstatement as an attorney and counselor at law after disbarment. Granted.

The facts are stated in the opinion of the court.

Wm. J. Clark for Applicant.

CONREY, P. J.—By judgment of the superior court of Los Angeles County, entered in the year 1918, the petitioner was deprived of his license to practice law in the state of California. The facts as found by the court in that proceeding are set forth in a decision of the supreme court. (*In re Morton,* 179 Cal. 510 [177 Pac. 453].)

Petitioner alleges that during the succeeding seven years he has lived a "clean, sober and honorable life," and has gained the confidence of all of the members of the bench and bar in the Texas counties where he has been practicing for some years under a license obtained prior to his former residence in California, although the fact of his disbarment in California was well known in Texas. These allegations are strongly supported by letters which bear the signatures of numerous lawyers, including some of the district judges and some of the justices of the court of appeals of the state of Texas.

Ample notice of the present application has been given to the Los Angeles Bar Association, which prosecuted the disbarment proceeding against Mr. Morton. The Bar Association presents no opposition to the reinstatement. On the contrary, the justices are directly informed by the president of the association that its trustees have considered the matter and have determined that no objection should be made. We take this as a definite decision that no objection ought to be made.

2. See 3 Cal. Jur. 751.

[1] The principles which should control in a matter of this nature are quite clear. A mere sentimental belief that the erring lawyer "has been punished enough" will not justify his restoration to the bar. (*In re O'Connell,* 64 Cal. App. 673 [222 Pac. 625].) The real question is: Notwithstanding his former delinquency, is the applicant now fit to be admitted to the practice of the law, and is there reasonable ground to believe that this fitness will permanently abide in him? As was said in O'Connell's case, *supra:* "In proceedings of this character the court owes a solemn duty to the community and to the legal profession which must be performed without regard to feelings of sympathy for the applicant." [2] In other words, reinstatement after disbarment should be difficult, rather than easy, to obtain.

But the law does not intend that the obtaining of such an order shall be practically impossible. In the instant case, the court finds in favor of the application.

It is ordered that W. Ona Morton be and he is hereby restored to the rights and privileges of an attorney and counselor at law, and is authorized to practice in all of the courts of this state.

Houser, J., and Curtis, J., concurred.