# IN RE DISBARMENT OF W. D. SCOTT.[1]

July 22, 1927.

No. 26,019.

Accusation of misconduct dismissed.

> In a disbarment proceeding the evidence fails to sustain an accusation of misconduct.

Attorney and Client, 6 C. J. p. 599 n. 74 New; p. 607 n. 78, 90.

Proceeding for the disbarment of W. D. Scott. Proceeding dismissed.

*Karl H. Covell,* for state board of law examiners.

*William M. Nash, Chester L. Nichols,* and *W. D. Scott,* for respondent.

PER CURIAM.

The state board of law examiners seeks the disbarment of Attorney Wallace D. Scott. Honorable C. W. Stanton, one of the judges of the fifteenth judicial district, was appointed referee to take the evidence and report his findings of fact to this court.

In November, 1926, one Chester A. Northam was charged with the crime of driving an automobile while intoxicated. He employed Scott as his lawyer. The client's parents went to counsel's office with their son. The mother borrowed and turned over to counsel $200 to be used as cash bail.

The contract of employment was that respondent was to be paid for his services the sum of $50 in any event, and $100 in case no imprisonment was imposed upon the client. It would seem that the parties intended that the fees were to be $100 if the client could avoid serving a sentence. He was given a workhouse sentence which was suspended. There is no controversy between counsel and client.

[1] Reported in 215 N. W. 175.

The difficulty arises from this: Respondent procured from client an assignment of the bail money. He then succeeded in getting the bail reduced to $100 and upon the imposition of the suspended sentence he withdrew $100 of the bail money and retained it as his fees. The charge of misconduct is that he did this wrongfully. The evidence does not show that he did this with the intent to misappropriate it. Perhaps, technically he did this without right or authority. There was, however, no fraud or concealment. He apparently acted honestly and in the belief that his acts were permissible. All the interested parties learned of counsel's act on the same day that he received the money. They did not complain. Neither the client nor the mother ever asked counsel for the money. Nor did they, in any way, indicate any dissatisfaction with his taking or retaining it.

While there are some circumstances in the record that are not commendable to counsel, and he has been inconsiderate of his own conduct as a lawyer, the record does not justify the conclusion that he did not, in taking and retaining the money, act in entire good faith. Indeed it may be said that he may well have supposed from all the circumstances that it would be satisfactory to the mother for him to act as he did. She was present and heard the son tell counsel he could retain $25 of the bail money to apply on fees. She made no objection. The assignment was made in her presence.

The state board of law examiners did not advise counsel that this proceeding was contemplated. The first he knew of any complaint was when the order was served on him. When the facts are no more serious counsel should be given an opportunity to purge himself of blame or to explain his conduct in the hope that disbarment proceedings may not be necessary.

If counsel acted contrary to his rights and yet did so in good faith, these charges should not have been instituted. Proper inquiry and investigation might have disclosed the fact that we now find, which is that the proof fails to show that counsel acted in a wilfully wrong way or in bad faith. Such cannot be presumed.

It is the duty of the court to protect the public so far as possible from being subjected to unscrupulous lawyers, but it is also the duty of the court to protect lawyers from being deprived of their means of livelihood by doubtful accusations. We therefore find that the accusation is not sustained and the proceedings are dismissed.