STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, RELATOR, V. JOHN M. PRIEST, RESPONDENT.

FILED MAY 11, 1932. No. 26159.

*C. A. Sorensen, Attorney General, Lester C. Dibble* and *Homer L. Kyle,* for relator.

*John M. Priest* and *L. T. Fleetwood,* for respondent.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

DAY, J.

This is a supplemental application by John M. Priest for reinstatement as an attorney and counselor at law. The applicant was disbarred by this court February 13, 1929. *State v. Priest*, 118 Neb. 47. The ground of disbarment was that Priest as an attorney in his professional capacity had appropriated to his own use money belonging to his client. The client had, prior to the disbarment proceedings, secured a judgment against the attorney for the amount converted, which had been affirmed upon appeal to this court. The original motion for reinstatement was filed in this court June 29, 1931, and was overruled by the court. The supplemental application presents practically the same situation as the original motion. Both motions and the showing in connection therewith ground the request upon the fact that Priest has settled the judgment in favor of his former client.

It appears from the reports that the most frequent ground for disbarment of an attorney is the misappropriation of money belonging to his client, which was received in his professional capacity. This is not to say that it is a common occurrence, for, considering the number of transactions and the amount of money handled by attorneys for their clients, it is an uncommon offense. But it ought never to happen. There can be no question that this is a disregard of duty sufficient to warrant disbarment. *In re Disbarment of Kahner*, 180 Minn. 556; *In re Garrity*, 60 N. Dak. 454; *State v. Priest*, 118 Neb. 47; *In re Bryans*, 52 N. Dak. 673; *Slemmer v. Wright*, 54 Ia. 164; In re O——, 73 Wis. 602; *State v. Rohrig*, 159 Ia. 725; *People v. Story*, 265 Ill. 207; *In re Washington*, 82 Kan. 829; *Thomas v. Ogilby*, 44 Fed. (2d) 890; *In re Walder*, 247 N. Y. Supp. 14. It has been held that delay and failure of attorney to pay a client money collected for him justifies disbarment *(In re Disbarment of Cherry*, 166 Minn. 448) even though some of it is remit-

ted after proceedings are commenced. *In re Disbarment of Larson,* 169 Minn. 194.

The sole ground for reinstatement of applicant is that he has settled the judgment secured against him by his client for the misappropriated funds. The purpose of a disbarment proceeding is not so much to punish the attorney as it is to determine in the public interest whether he should be permitted to practice. Attorneys, upon their admission to practice law, assume certain obligations and duties, and in their performance they must conform to certain standards in relation to clients, to courts, to the profession, and to the public. *State v. Kern,* 203 Wis. 178; *State v. Barto,* 202 Wis. 329; *In re Egan,* 52 S. Dak. 394.

Ordinarily, settlement with clients on a basis satisfactory to them does not preclude an inquiry into the moral and professional quality of an attorney's acts in connection with the complaint. 6 C. J. 601. The court will not permit matters affecting the character of its officers to be compromised and settled by private arrangement. *People v. Chamberlain,* 242 Ill. 260. In the case of *In re Davies,* 93 Pa. St. 116, in answer to the contention that a settlement operated as a remission of the attorney's offense, the court said: "This view of the case ignores the fact that the exercise of the power is not for the purpose of enforcing civil remedies between parties, but to protect the court and the public against an attorney guilty of unworthy practices in his profession. He had acted in clear disregard of his duty as an attorney at the bar, and without 'good fidelity' to his client. The public has rights which Mrs. Curtiss (the client) could not thus settle or destroy." If settlement with the client is not a remission of the offense as to a disbarment proceeding, it loses much of its potency as a ground for reinstatement. The decisive question on such an application is whether the applicant is of good moral character, and is a fit and proper person to be entrusted with the privileges of the office of attorney. 6 C. J. 615; *In re Simpson,* 11 N. Dak. 526; *In re Egan,* 52 S. Dak. 394. The

conversion of a client's money by an attorney involves moral turpitude and requires evidence of reformation before such attorney may be reinstated. *In re Kaas,* 39 S. Dak. 4. A disbarred attorney has the burden of proof to establish good moral character to warrant reinstatement. *In re Petition of Morrison,* 45 S. Dak. 123. The mere formal proof of good character required under an original application for admission to the bar is not enough. It must overcome the former adverse judgment as to applicant's character. Ordinarily, settlement will not be given much weight in determining the question of moral fitness for reinstatement, since it may depend more upon financial ability than upon repentance or reformation. *In re Hawkins,* 4 Boyce (Del.) 200. It cannot be said that it is not some evidence, however slight, for an entire failure to recognize the obligation would indeed be said to indicate a radical misconception of the duty of an attorney to his client.

The record in this case discloses that the judgment secured by the client against the applicant for the conversion of money was settled for $55. It will be remembered that the original judgment was for $709.05, was entered July 20, 1923, and has borne interest at 7 per cent. since that date. This judgment has been final since the mandate of this court was issued, March 23, 1926, after an appeal to this court, wherein it was affirmed. This settlement was made in 1931, just ten years after the misappropriation by the applicant occurred. It is possible that the long struggle of a client, living in a far distant state, to secure a settlement from applicant without success, may have been an inducement to such a settlement. The record discloses that the applicant has resorted to many artifices conceived by his ingenious mind to avert a settlement. His latest move, to vacate the judgment for perjury and fraud in the procurement thereof, is a fitting sequel to his long continued effort to avoid his professional responsibility. The client, undoubtedly weary and exhausted from his fruitless efforts, wished to avoid further litigation and trouble, and

was willing to settle for a small fraction of the amount misappropriated. There was no judicial determination of the issues of the suit to vacate the judgment, which was dismissed. The record does not even raise a suspicion as to the integrity of that judgment. We have read the record with patience, having in mind the importance of the issue to the applicant, but it does not appear that he regrets anything about this transaction except the consequences. It apparently is beyond his conception that his conduct as an attorney has been improper and that he acted in bad faith, to the detriment, damage and injury to his client and in express violation of his oath upon his admission to practice. Such a settlement, made after so long a delay, does not establish good moral character in the sense in which it is applied to attorneys. Such being the case, we are constrained to hold that the evidence is not sufficient to support a finding of repentance or reformation; or of that good moral character to entitle him to be entrusted with the privilege of the office of attorney. But even if the evidence would support such a finding, the motion of applicant does not allege that such is the case. He has filed nothing in this court asking for such a finding. Even now, in this court, after many years, he deliberately and persistently justifies his conduct.

It is proper to here take notice that 19 reputable attorneys of Lincoln, Nebraska, have petitioned this court as follows: "We, the undersigned, *understand that amends have been made* by John M. Priest, and respectfully petition this honorable court, to reinstate him as an attorney and counselor at law." We have the highest respect for the judgment of these petitioners, even though they represent a small minority of the bar of the locality in which this applicant practices law. But it must occur to even the casual reader that it is based upon an understanding, probably hearsay, or self-serving declarations, while this court has the entire record before it. They may have been influenced by sympathy for the petitioner. The members of this court are just as sympathetic, but

sympathy must not influence them in the performance of their duty. The fact must not be overlooked that the question is of broader significance than its personal aspect. The reinstatement of the applicant upon the motion and showing now before the court would indicate a tendency to treat lightly this grave offense. The motion will be denied.

MOTION DENIED.