STATE, EX REL. RICHARD C. HUNTER, ATTORNEY GENERAL, PLAINTIFF, v. W. H. HATTEROTH, DEFENDANT.

279 N. W. 153

FILED APRIL 8, 1938. No. 30297.

Richard C. Hunter, Attorney General, Barlow Nye and
Paul P. Massey, for plaintiff.

W. H. Hatteroth, pro se.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE,
CARTER and MESSMORE, JJ.

ROSE, J.

This is a prosecution by the state of Nebraska on the
relation of the attorney general to disbar the defendant
who had been regularly admitted by the supreme court to
practice law.

The complaint against defendant charges, in substance,
that he was retained December 13, 1935, to perform pro-
fessional services for Raymond H. Reed and Ora Reed
and to represent them as his clients in a pending suit in
the district court for Douglas county to foreclose a mort-
gage on their home in favor of the Occidental Building &
Loan Association; that while a decree of foreclosure was
temporarily stayed July 27, 1936, defendant advised his
clients that payment of $320.26 would satisfy the judg-
ment of foreclosure against them; that, to discharge their
debt and to satisfy the decree, they paid to defendant
$320.26, for which he receipted in writing July 27, 1936;
that defendant did not discharge the judgment against
them or return their money to them but converted it to
his own use; that the mortgaged home of the clients was
sold at foreclosure sale December 29, 1936, after expiration
of the stay, and purchased by mortgagee; that the sale
has not been confirmed, owing to a moratorium requiring
the clients to pay the purchaser a monthly rental to retain
possession of their home.

To the complaint defendant filed an answer October 27,
1937, one paragraph of which reads as follows:

"Admits that on July 27, 1936, this defendant received
from Ora Reed and Raymond H. Reed the sum of $320.26,
and that he gave to them a receipt, as set forth in the
complaint herein. Alleges that thereupon defendant ar-
ranged with the Rivett Lumber Company, one of the de-

fendants in said foreclosure action, to release its mechanic's lien on the premises, which lien was released of record on September 11, 1936; and defendant also on several occasions conferred with Mr. Ellery H. Westerfield, attorney for plaintiff in the foreclosure action, as to settlement of the case, and defendant fully intended to satisfy the judgment, interest and costs, but inasmuch as the nine months' stay did not expire until October 14, 1936, defendant used some of his clients' money—fully expecting to be able to replace the same and satisfy the decree, but defendant regrets to state that he was not able to replace it, due to disappointment in business affairs; that defendant is making diligent efforts to obtain the money so as to satisfy the judgment, interest and costs in the foreclosure case, and to make restitution to the satisfaction of Mr. and Mrs. Reed, as he has always wanted to do and expects to be able to do in the very near future."

Relator demurred to the answer on the ground that it did not state facts sufficient to constitute a defense and moved for judgment on the pleadings.

The demurrer and the motion were presented in open court March 9, 1938. It is plain on the face of the pleadings that defendant had not then performed his duty to apply the money which he received from his clients to the satisfaction of the decree foreclosing the mortgage on their home. Subsequent performance has not been shown. His relation to his clients was not that of an ordinary debtor. *State v. Goldman,* 127 Neb. 340, 255 N. W. 32. His relation was one of trust and confidence involving professional honor of a lawyer in a court of justice. He was a trustee with the money of his clients in his hands for a specific purpose. Solemn and impressive as this relation is, the complaint of the attorney general includes more than violation of duties of lawyer to client. Attorneys must also conform at their peril to established standards of conduct in their relations to courts, to the legal profession and to the public in general. *State v. Ireland,* 125 Neb. 570, 251 N. W. 119. The bar is part of an institution

of government for the administration of justice. Judges of courts are selected from its membership. If the source from which memberships in judicial tribunals are chosen is untainted, respect for courts themselves will be correspondingly increased. Reproach on the bar may reflect on the bench. The armor of courts is purity of purpose and excellence in performance of duty. It is a mission of lawyers to aid them in the administration of justice as well as to serve their clients. They are educated by the public for those purposes. The state provides schools for their training and maintains libraries furnishing the sources of knowledge essential to the practice of the law. The responsibilities of attorneys are commensurate with their duties to their clients, the public, the courts and the legal profession. For them in their professional capacity there is no moratorium on breach of trust, on violation of confidence, on misappropriation of trust funds or on other reprehensible misconduct. The legislature imposed on attorneys the duties "to maintain the respect due to the courts of justice" and "to abstain from all offensive practices." Comp. St. 1929, sec. 7-105. These duties are contemplated in the oath taken when a student in the law is admitted to the bar. A standard of discipline was stated in a former opinion as follows:

"Misappropriation by an attorney of money belonging to his client is such a disregard of duty as to warrant disbarment." *State v. Priest,* 123 Neb. 241, 242 N. W. 433.

Where a long and honorable career at the bar calls eventually for discipline, as it does in the present instance, the natural promptings of sympathy and mercy are not absent from the bench, but sentiment cannot be permitted to prevent disbarment for the professional misconduct charged by relator and confessed by defendant.

The demurrer to the answer and the motion for judgment on the pleadings are sustained. Defendant is disbarred from the practice of the law in Nebraska, his license canceled and his name stricken from the roll of attorneys and counselors at law.

JUDGMENT OF DISBARMENT.