STATE, EX REL. NEBRASKA STATE BAR ASSOCIATION, COMPLAINANT, V. EDWARD L. HYDE, RESPONDENT.

293 N. W. 408

FILED JULY 26, 1940. NO. 30790.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke,* for complainant.

*C. S. Radcliffe,* for respondent.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The State on relation of the Nebraska State Bar Association instituted disciplinary proceedings against respondent as an attorney. Robert O. Reddish was appointed by the court as referee, and the record of the hearing had before him and his report have been duly filed. Respondent has filed no exceptions to the referee's report, and the state now moves that the report be approved and confirmed, and that an appropriate disciplinary order be entered.

It is unnecessary to set out all the charges or to make a detailed review of the evidence. The referee has found, and the record amply supports his findings, that respondent has misappropriated part of the assets of an estate which came into his hands as administrator; that he has made repeated and numerous petty withdrawals from his bank account as administrator, for his personal use; that he has converted the funds of a client which, as attorney, he collected on a judgment, and has made restitution only after the commencement of a prosecution for embezzlement

against him; that, on other funds collected by him as attorney, he has unjustifiably withheld remittance for almost two and a half years; and that he has settled, without authority from or notice to his client, a judgment in the amount of $143.52 for the sum of $40 in cash and a bill of sale to a two-thirds interest in a stand of wheat in Colorado,—which proved to be worthless,—converted the $40, and refused to give any information as to the status of the judgment to the forwarding attorney, until he learned of the investigation that was being made of his conduct by the district complaint committee, prior to the institution of this proceeding.

·The events involved have extended over a period of several years. They evidence such a lack of appreciation of, or concern for, the obligations and proprieties of the legal profession, that the court cannot justify his being held out to the public as possessed of the honor, rectitude, responsibility and diligence which the high office of attorney at law demands, and as meriting the confidence which clients necessarily repose in such a relationship. *State v. Marconnit,* 134 Neb. 898, 280 N. W. 216; *State v. Sowards,* 134 Neb. 159, 278 N. W. 148; *State v. Hatteroth,* 134 Neb. 451, 279 N. W. 153; *State v. Goldman,* 127 Neb. 340, 255 N. W. 32. We cannot condone respondent's conduct simply because he attempted to make restitution after he was faced with the issue of legal accountability. *State v. Priest,* 123 Neb. 241, 242 N. W. 433. Mere restitution of funds wilfully converted by an attorney is not a professional exoneration.

An order of disbarment must be entered. Respondent will accordingly be disbarred from the practice of law in Nebraska; his license will be revoked and canceled; and his name will be stricken from the roll of the attorneys of the state. ·

ORDER OF DISBARMENT.