STATE, EX REL. NEBRASKA STATE BAR ASSOCIATION, COM-
PLAINANT, V. CLARENCE H. HENDRICKSON, RESPONDENT.

295 N. W. 892

FILED JANUARY 17, 1941.   No. 30792.

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck,* for complainant.

*Webb Rice,* for respondent.

Heard before EBERLY, ROSE, PAINE and MESSMORE, JJ., and ELDRED, District Judge.

ROSE, J.

The state of Nebraska, on the relation of the State Bar Association, instituted this proceeding in the supreme court by means of a complaint charging that Clarence H. Hendrickson, respondent, a licensed practicing attorney residing in Wayne, Wayne county, was guilty of unprofessional conduct, subjecting him to disbarment.

The facts constituting the principal charge in the complaint are, in substance, that, as attorney for Albert Pick Company, respondent recovered a judgment in its favor against Francis C. Jones; that respondent, without authority from his client, Albert Pick Company, and without

its knowledge or consent, sold the judgment and assigned it to James W. Wright, another client of respondent, and, by means of set-off, so manipulated the transfer as to satisfy and cancel a judgment against the assignee and in favor of Francis C. Jones; that neither respondent nor Wright paid anything to Albert Pick Company on the assigned judgment until after respondent had been informed of inquiry into his misconduct.

By answer containing a general denial, respondent put in issue the incriminating facts stated in the complaint.

A referee was appointed to take the testimony and report it to the court with his findings of fact and conclusions of law. In the performance of those duties the referee found that the evidence proved the charges in respect to the unauthorized sale, assignment and manipulation of the transfer and recommended disbarment. The cause was heard on exceptions to the referee's report and was elaborately argued by both sides at the bar and in briefs.

It was insisted on behalf of respondent that the assigned judgment was worthless; that Albert Pick Company made no demand on respondent for payment of the judgment when it learned of the assignment; that respondent paid his client the full amount of the claim evidenced by the judgment; that consequently there was no cause for disbarment.

The position thus taken on behalf of respondent is clearly untenable under the facts established by evidence and rules of law and equity formerly announced by this court. While the referee found that respondent did not receive any money for the assignment and that the assigned judgment was at the time uncollectible, he did find on conclusive evidence that the assignment was unauthorized and that it was effective for the satisfaction of a judgment against the assignee, another client of respondent who made the sale and assignment in writing, and by pleading and proof misled the court into allowing it as a set-off in satisfaction of a judgment against the assignee. Albert Pick Company traced its judgment debtor, Francis C. Jones, to Portland,

Oregon, and from there heard about the assignment of its judgment, and asked respondent by letter whether, in fact, the assignment had been made, and if so by what authority. Albert Pick Company received in reply an evasive answer in which respondent did not answer the questions asked, but did say the judgment was uncollectible and that he never received a cent on it. In the manner indicated he deprived his client of its judgment without authority and did not account for his misconduct as an attorney at law or pay the claim evidenced by the assigned judgment until after investigation for misconduct was started. The amount involved in these transactions was small, but that did not change the turpitude of respondent's misconduct. The law is that "An attorney cannot, without actual authority from his client, sell and assign his client's judgment." *Henry & Coatsworth Co. v. Halter,* 58 Neb. 685, 79 N. W. 616.

When respondent officiously assumed to act for Albert Pick Company, as he did, in selling and assigning its judgment and in manipulating the transfer for the benefit of another client, he thus became a trustee, answerable as such to his principal, Albert Pick Company, in the fiduciary capacity in which he placed himself. In that relation it was his duty, without demand for restitution, to inform his principal what he had done with its interests and to account for the gift of its judgment to Wright. *Nebraska Power Co. v. Koenig,* 93 Neb. 68, 139 N. W. 839. Settlement with the principal by payment of the claim evidenced by the assigned judgment, under the circumstances, after exposure and investigation by the State Bar Association, did not settle respondent's accountability to the court, to the bar and to the public. *State v. Priest,* 123 Neb. 241, 242 N. W. 433; *State v. McGan, ante,* p. 665, 294 N. W. 430.

The misconduct under consideration betrayed the attorney's client, violated established standards and codes of professional ethics and honor and cast reproach on the courts and on the bar. On facts conclusively established by the evidence, the supreme court has no alternative but disbarment.

JUDGMENT ACCORDINGLY.