STATE, EX REL. NEBRASKA STATE BAR ASSOCIATION, COMPLAINANT, V. CLARENCE H. HENDRICKSON, RESPONDENT.

298 N. W. 148

FILED MAY 9, 1941. No. 30792.

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck,* for complainant.

*Webb Rice, Leonard A. Flansburg, Mark J. Ryan* and *C. A. Kingsbury*, for respondent.

Heard before Rose, Eberly, Paine and Messmore, JJ., and Eldred, District Judge.

Rose, J.

In a former opinion the court directed the disbarment of Clarence H. Hendrickson, an attorney at law residing at Wayne, Nebraska, for misconduct in the practice of his profession. *State v. Hendrickson*, 138 Neb. 846, 295 N. W. 892. The misconduct on which the judgment is based is challenged on motion for a rehearing as insufficient to justify disbarment. Counsel in their brief say that the opinion mentioned but one charge under which it was found that respondent, without authority, assigned a small judgment, and entered judgment of disbarment; that the amount of the judgment in favor of respondent's client was $40.24, $20 of which belonged to the attorney. In a vigorous but respectful brief counsel, referring to the misconduct attributed by the court to respondent, came to the conclusion:

"The respondent received nothing, the assigned judgment was worthless, no fraud was intended, and no moral turpitude involved. The most that can be said of it is that it was a technical violation of the rules."

The assigned judgment evidenced a debt owing by the debtor to respondent's client. The client had a right to have it stand on the record as entered to await any change in the fortunes of the debtor. Respondent unlawfully interfered with that right. He officiously sold the judgment and made the assignment effective by set-off for the benefit of another client to the full amount of the debt. Moral turpitude is not measured by the amount involved in a betrayal of trust or in a failure to perform a professional duty. In addition to the assignment of the judgment without authority, the evidence, the finding of the referee and the former opinion show that respondent so manipulated the transfer as to mislead the court of original jurisdiction into allowance of the wrongful set-off. The former opinion, the

evidence and the referee's report also show that respondent failed in his duty to inform his client of the assignment. Fidelity to trust and performance of duty are standards of professional conduct that an attorney at law cannot violate without exposing himself to discipline.

Adherence to the former opinion and judgment is unanimous, but further reasons for disbarment are found in proofs of other specifications of misconduct and in other findings of the referee. The evidence shows and the referee properly finds that respondent is addicted to the habitual use of intoxicating liquors; at times is incapacitated to transact business for his clients or to attend court; was under the influence of liquor in the trial of a case and another attorney took his place; staggered along a public street with a small boy following him and imitating his movements; addressed a female client in profane language; drove his car into a yard; spent a night in jail; threatened jurors with reprisal for their verdict; applied a vile name to a county judge and made an assault upon him; referred in court to attorneys by insulting names; was fined in police court for making an unprovoked assault upon a member of a committee charged with the duty of inquiring into his unprofessional conduct.

One of the statutory duties imposed upon an attorney is to maintain the respect due to the courts of justice. For the performance of that duty respondent bound himself by an oath when he was admitted to practice law but has frequently violated it. The course pursued by him under his license to practice law casts reproach upon the judicial department of government and upon the legal profession and shows he is now unworthy of his license under the standards of professional conduct established by the bench and the bar. The motion for rehearing is therefore

OVERRULED.