# IN RE APPLICATION OF LOUIS J. SMITH, FORMERLY KNOWN AS LOUIS J. PLUTO, FOR REINSTATEMENT AS AN ATTORNEY AT LAW.[1]

June 15, 1945.

No. 33,023.

[1]Reported in 19 N. W. (2d) 324.

198

See, 211 Minn. 308, 300 N. W. 897.
*Louis J. Smith, pro se.*
*Philip Neville,* for State Board of· Law Examiners.
*Paul C. Thomas,* Chairman, and *Cyrus A. Field,* for Practice of Law Committee of Minnesota State Bar Association.

YOUNGDAHL, JUSTICE.

Petitioner, Louis J. Smith, formerly known as Louis J. Pluto, seeks an order reinstating him as an attorney at law in this state. He was disbarred by this court on November 28, 1941. In re Disbarment of Pluto, 211 Minn. 308, 300 N. W. 897. His application is supported by his verified petition, together with several letters from attorneys recommending his reinstatement. No oral argument or brief was presented in his behalf. Written objections to the granting of the petition were filed on behalf of the Practice of Law Committee of the Minnesota State Bar Association by Paul C. Thomas, its chairman, and on behalf of the State Board of Law Examiners by Philip Neville, its secretary. A brief was filed by Cyrus A. Field, a member of the committee, in its behalf. Oral arguments were made by Mr. Neville in behalf of the Board of Law Examiners and by Mr. Field in behalf of the committee.

It is suggested by the committee that heretofore only *per curiam* statements reciting the particular facts in each case have been

filed in connection with reinstatement cases, and that it is advisable that this court declare its support of certain principles which shall apply generally in applications for reinstatement. The suggestion has merit, and we believe this is an appropriate time to set forth certain rules that shall henceforth govern in these matters.

Subject, therefore, to the elementary rule that each case should be determined upon its own facts, we approve the following rules as being applicable in reinstatement proceedings:

■ The right to practice law is a matter of license and high privilege and is in no sense an absolute right. It is in the nature of a franchise, to the enjoyment of which one is admitted only upon proof of fitness and qualification, which must be maintained if the privilege is to continue in enjoyment. In re Petition for Integration of the Bar, 216 Minn. 195, 12 N. W. (2d) 515; In re Egan, 52 S. D. 394, 218 N. W. 1. For the manner in which this privilege or franchise is exercised, an attorney is continually accountable to the court, and it may at any time be declared forfeited for misconduct, whether professional or nonprofessional, which shows him to be an unfit or unsafe person to enjoy the privilege conferred upon him and to manage the business of others in the capacity of an attorney. In re Durant, 80 Conn. 140, 67 A. 497, 10 Ann. Cas. 539; In re Disbarment of Greathouse, 189 Minn. 51, 248 N. W. 735.

■ The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the profession, and the public. In re Shepard, 109 Mich. 631, 67 N. W. 971; In re Durant, *supra;* Ex parte Wall, 107 U. S. 265, 2 S. Ct. 569, 27 L. ed. 552; In re Egan, *supra;* In re Shepard, 35 Cal. App. 492, 170 P. 442; In re Rouss, 221 N. Y. 81, 116 N. E. 782; In re Kerl, 32 Idaho 737, 188 P. 40, 8 A. L. R. 1259; In re Enright, 69 Vt. 317, 37 A. 1046; In re Thatcher, 83 Ohio St. 246, 93 N. E. 895, Ann. Cas. 1912A, 810. As the court said in In re Rouss, 221 N. Y. 84, 116 N. E. 783, *supra:*

"Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission;

but it is equally essential afterwards [citing cases]. * * * To refuse admission to an unworthy applicant is not to punish him for past offenses. The examination into character, like the examination into learning, is merely a test of fitness. To strike the unworthy lawyer from the roll is not to add to the pains and penalties of crime. The examination into character is renewed; and the test of fitness is no longer satisfied. For these reasons courts have repeatedly said that disbarment is not punishment."

■ An attorney should be disbarred only upon a strong and convincing showing that he is unfit to practice law and that disbarment is necessary to protect the public and to guard the administration of justice. Ex parte Wall, 107 U. S. 265, 2 S. Ct. 569, 27 L. ed. 552, *supra;* In re Egan, 52 S. D. 394, 218 N. W. 1, *supra;* Ex parte Secombe, 60 U. S. 9 (19 How.) 15 L. ed. 565; In re Disbarment of Scott, 172 Minn. 248, 215 N. W. 175; In re Disbarment of McDonald, 204 Minn. 61, 282 N. W. 677; In re Application for Removal of Hertz, 139 Minn. 504, 166 N. W. 397; In re Morton, 75 Cal. App. 497, 243 P. 32. While a court should be slow to disbar (In re Scott, *supra*), it should be even more cautious in readmitting an attorney to a position of trust. In re Morrison, 45 S. D. 123, 186 N. W. 556; Ex parte Secombe, *supra;* In re Morton, *supra.* Stronger proof of good moral character and trustworthiness should be required than in an original admission. In re Keenan, 314 Mass. 544, 50 N. E. (2d) 785; Kepler v. State Bar, 216 Cal. 52, 13 P. (2d) 509; State ex rel. Spillman v. Priest, 123 Neb. 241, 242 N. W. 433; In re Simpson, 11 N. D. 526, 93 N. W. 918. It must be sufficient to overcome the court's former adverse judgment of applicant's character. In re Keenan, Kepler v. State Bar, State ex rel. Spillman v. Priest, and In re Simpson, *supra.*

■ The decisive inquiry is whether the applicant is of such good moral character that he should be readmitted to the office of attorney and recommended to the public as a trustworthy person fit to be consulted in matters of confidence. Kepler v. State Bar, 216 Cal. 52, 13 P. (2d) 509, *supra;* State ex rel. Spillman v. Priest, 123 Neb. 241, 242 N. W. 433, *supra;* Ex parte Marshall, 165 Miss. 523,

147 So. 791; In re Egan, 52 S. D. 394, 218 N. W. 1, *supra;* In re Simpson, 11 N. D. 526, 93 N. W. 918, *supra;* Ex parte Walls, 73 Ind. 95.

■ The burden of proof is upon applicant to establish by clear and satisfactory evidence either that the court erred in its original judgment of disbarment or that applicant has undergone such a moral change as now to render him a fit person to enjoy the public confidence and trust once forfeited. In re Egan, 52 S. D. 394, 218 N. W. 1, *supra;* State ex rel. Spillman v. Priest, *supra;* In re Keenan, 314 Mass. 544, 50 N. E. (2d) 785, *supra;* In re Morrison, 45 S. D. 123, 186 N. W. 556, *supra;* Ex parte Walls, 73 Ind. 95, *supra;* Branch v. State, 120 Fla. 666, 163 So. 48.

■ Applying these principles to the application for reinstatement in the instant case, it is clear that the application should be denied. Applicant has failed to sustain the burden imposed upon him to show by clear and satisfactory evidence that there has been a moral change so as to justify reinstatement. He claims to have made restitution to the Peoples National Bank of Long Prairie by turning over certain real estate. From the record, it appears that this only partially satisfied the claim of the bank. But this was only one of many accusations made against him. As to the other charges, applicant states in his petition:

"That as pertains to the other charges preferred against him, your petitioner refers the above Court to the Proposed Amended Answer, on file in the office of the Clerk of the above named Court."

The following statement of the court in the disbarment proceedings with reference to the amended answer is pertinent (In re Disbarment of Pluto, 211 Minn. 308, 309, 300 N. W. 897):

"Respondent has now applied to this court for permission to interpose a verified amended answer which contains admissions and is pregnant with other admissions showing that so many of the accusations made against him are true that on the face of the proposed answer we can do nothing less than disbar him."

Even though there had been complete restitution, it would not be sufficient to warrant reinstatement. While restitution by an attorney of money embezzled is a factor to be taken into consideration, ordinarily it will not be given very much weight, as it might depend more upon the attorney's financial ability or other favoring circumstances than upon his repentance or reformation. State ex rel. Spillman v. Priest, 123 Neb. 241, 242 N. W. 433, *supra;* In re Hawkins, 27 Del. 200, 87 A. 243. The courts will not permit matters affecting the character of its officers to be compromised and settled by private arrangement. State ex rel. Spillman v. Priest, *supra.*

Applicant does not frankly admit even now that he erred, but attempts to justify his conduct by the same assertions he made at the time of the disbarment proceedings. For example, he asserts in his petition:

"That the misappropriations were due to the fact that your petitioner was having a hard time making both ends meet, due somewhat to the fact that legal work was gradually dropping off and also to the fact that there was a political element in the Village of Long Prairie that was out to get him, and which did everything in its power to make it hard and unprofitable for your petitioner to practice law. That as a result, your petitioner's practice kept on slipping, while his financial obligations to his family increased rather than remained stable."

Applicant's attitude is further reflected in the following statement from his petition:

"That petitioner has a wide acquaintanceship with the Bar in Minnesota and has at all times attempted to conduct himself in the proper manner as a member of the Bar of said State."

There is no proof whatever that the court erred in its previous judgment of disbarment. Neither is there any showing of repentance or reformation on the part of applicant. On the contrary, he still attempts to justify his conduct as he did in the original proceedings by charges of political conspiracy and prejudice against

him. Under these circumstances, he is in no position to ask for the exercise of the court's discretion in reinstating him to a position of trust and to the enjoyment once again of public confidence as a lawyer.

■ We have also decided to adopt the meritorious suggestion of the committee that the court should by order amend its rules so as to establish procedure in reinstatement cases similar to that followed in disbarment proceedings. The following procedure will henceforth govern in such proceedings:

Upon the filing of a verified petition for reinstatement of an attorney suspended or disbarred and after reference thereof to the Practice of Law Committee of the Minnesota State Bar Association and report to this court, the court, in its discretion, will determine whether a reference should be had. In the event of a reference, the same procedure will be followed as in disbarment proceedings. Upon the filing of findings by the referee, oral arguments will be heard by this court and the matter determined by the court upon such arguments, the record, and such briefs as the interested parties desire to file.

An order will be made by this court amending the rules accordingly.

Application for reinstatement denied.