STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. ROBERT H. BLANCHARD, RESPONDENT.

138 N. W. 2d 804

Filed December 17, 1965. No. 35577.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for relator.

No appearance for respondent.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ.

CARTER, J.

The State on the relation of the Nebraska State Bar Association instituted disciplinary proceedings against respondent as an attorney. J. R. Swenson was appointed by the court as referee, and the record of the hearing had before him and his report were filed on September 20, 1965. Respondent has filed no exceptions to the referee's report in accordance with Rule III, section 8, Revised Rules of the Supreme Court, 1963, which provides: "Within 10 days after the filing of such report, either party may file written exceptions to such report. If no exceptions are filed, the court in its discretion may consider the findings final and conclusive, and on motion shall enter such order as the evidence and law require." The relator now moves that the report be approved and confirmed, and that an appropriate disciplinary order be entered.

The findings of the referee are as follows: "The respondent has violated Rule No. 11 of the Canons of Professional Ethics promulgated and adopted by the Nebraska State Bar Association in converting to his own use the sum of $260.47 received by him in his capacity as attorney for Ervin Underwood. The respondent has likewise violated the said Rule No. 11 in failing to refund to his client, Frances Sims, the sum of $51.00 received by him as a retainer in an action from which he subsequently desired to withdraw despite a promise by the respondent to make such refund. The respondent has likewise violated Rule No. 44 in circumstances surrounding his withdrawal from representation of the said Frances Sims. The referee, therefore, recommends that

the respondent be subjected to disciplinary action by the Supreme Court of the State of Nebraska."

Rule No. 11 of the Canons of Professional Ethics provides: "The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client. Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

Rule No. 44 of the Canons of Professional Ethics provides in part: "Upon withdrawing from a case after a retainer has been paid, the attorney should refund such part of the retainer as has not been clearly earned."

The referee having found a violation of the cited canons, and no exceptions having been filed thereto, the findings are final and conclusive. The correctness of the findings are sustained by the following cases: State ex rel. Nebraska State Bar Assn. v. Niklaus, 149 Neb. 859, 33 N. W. 2d 145; State ex rel. Sorensen v. Goldman, 127 Neb. 340, 255 N. W. 32; State ex rel. Spillman v. Priest, 123 Neb. 241, 242 N. W. 433.

An order of disbarment is required. State ex rel. Nebraska State Bar Assn. v. Hyde, 138 Neb. 541, 293 N. W. 408. Respondent will accordingly be disbarred from the practice of law in this state, his license is to be revoked and canceled, and his name will be stricken from the roll of attorneys of the state.

ORDER OF DISBARMENT.