[Civ. No. 3660.   Second Appellate District, Division One.—September 29, 1921.]

In the Matter of the Application of CLYDE E. CATE for Reinstatement as an Attorney and Counselor at Law.

[1] ATTORNEY AT LAW — DEPRIVATION OF LICENSE — APPLICATION FOR REINSTATEMENT — INSUFFICIENCY OF PERIOD OF DISBARMENT. — An attorney at law deprived of his license to practice upon being found guilty of offenses of the character described in subdivision 5 of section 287 of the Code of Civil Procedure has not been sufficiently punished for his acts merely by being deprived of his license for a period of only three years, and his application for reinstatement, although supported by numerous testimonials of present good character, must be denied.

APPLICATION for reinstatement to practice law. Denied.

The facts are stated in the opinion of the court.

Vincent B. Vaughan for Petitioner.

G. R. Crump for Los Angeles Bar Association.

THE COURT.—Petitioner, an attorney at law, licensed to practice in the state of California, was disbarred by judgment entered in the superior court of the county of Los Angeles on the twenty-seventh day of May, 1918. The offenses of which he was found guilty were of the character described in subdivision 5 of section 287 of the Code of Civil Procedure. He now applies for reinstatement, claiming that he is now and for a long time has been repentant for the wrongs committed by him and has lived an upright life since the time of his disbarment. The application is supported by the request of numerous persons who attest his good conduct and their confidence in his present good character.

[1] Without depreciating the value of these testimonials and without intimating that petitioner may not be reinstated

1.  Reinstatement of disbarred attorney, note, Ann Cas. 1912A, 813.

at some future time, the court is satisfied that this petition should not be granted. The misconduct of the petitioner on account of which he has been disbarred was of a very serious nature. And we do not agree with the opinion of his friends that he has been sufficiently punished for his acts of wrongdoing, merely by being deprived of his license for a period of only three years.

The petition is denied.