_In re_ SALSBURY.

1. ATTORNEY AND CLIENT—DISBARMENT—REINSTATEMENT — RIGHT OF COURT.
   The right ·of the court disbarring an attorney to reinstate him is inherent in such court.

2. SAME—VACATION OF ORDER OF DISBARMENT—REINSTATEMENT—NONRESIDENT.
   On petition of a disbarred attorney for reinstatement, upon a showing of high moral character and that he has fully expiated the fault and offense for which he was disbarred, the Supreme Court will vacate the order of disbarment as of this date, but because he is no longer a resident of this State his petition for reinstatement must be denied.

Petition by Lant K. Salsbury for reinstatement as an attorney at law.    Submitted October 4, 1921. (Calendar No. 19,406.)    Denied February 8, 1922.

_Charles E, Ward,_ for petitioner.

_Clarence A. Lightner, contra._

WIEST, J.    April 7, 1903, petitioner was disbarred

by an order of this court. He now petitions the court to reinstate him and alleges that in September, 1904, he became a resident of the city of Memphis in the State of Tennessee, where he has been since that date and is now engaged in business other than the practice of law. He avers good moral character and full expiation of the fault and offense for which he was disbarred. He also states that he does not expect to resume the practice of law in this State or elsewhere. Upon the filing of the petition we requested the State board of law examiners to file a brief and such brief has been filed and it is contended therein that the petitioner cannot be reinstated as a member of the Michigan bar until he has complied with the statute relative to admission to the bar in the first instance; citing *In re Newton,* 27 Mont. 182 (70 Pac. 510, 982).

The right of the court disbarring an attorney to reinstate him is inherent in such court and has long been exercised. To reinstate a disbarred attorney means to again invest him with the right to practice; it is not a revocation of the order of disbarment, neither does a reinstatement relate back in point of time to the disbarment but merely clothes him with the rights and duties and obligations of an attorney from the date of reinstatement.

This is a proceeding upon a showing that, since such disbarment, the petitioner has by a life of rectitude demonstrated that he is possessed of moral character sufficient to again be a member of the bar. The right to reinstate being inherent in the court we think the practice is well stated in the *Matter of John A. King,* 54 Ohio St. 415 (43 N. E. 686) :

"When a member of the bar of the State has been, upon proper proceedings, disbarred, and the judgment remains in full force and unreversed, the only remedy of the party is, at the proper time and on a proper

showing, to apply to the court in which he was disbarred to be reinstated.

"The court rendering the judgment of disbarment, retains a continuing jurisdiction over the subject, as in many similar cases; and may, upon a proper showing of reformation of the party, or other satisfactory reasons, arising after the disbarment, reinstate him in the practice of his profession. Readmission, as upon application and examination in the first instance, is not the proper course."

We are impressed with the showing made. The standing of petitioner in the State of Tennessee, acquired under the adverse circumstances of disbarment and of having served a prison sentence here, is excellent and most persuasive of high moral character. Eminent judges, Federal and State, prominent members of the bar of Michigan and Tennessee, and business and professional men have joined in asking for the reinstatement of petitioner, and this leads us to vacate, as of this date, the order of his disbarment. We cannot, however, reinstate an attorney under circumstances where he has no longer the necessary qualification of residence within this State. Since 1903 petitioner has not resided in the State of Michigan.

We approve of the following language of the supreme court of the State of Wisconsin:

"The office of attorney and counselor of the courts is one of great official trust and responsibility in the administration of justice; one liable to great abuse; and has always been exercised, in all courts proceeding according to the course of the common law, subject to strict oversight and summary power of the court. It would be an anomaly, dangerous to the safe administration of justice, that the office should be filled by persons residing beyond the jurisdiction of the court, and practically not subject to its authority. We take it, that members of the bar of this State lose their right to practice here by removing from the

State. After they become nonresidents, they can appear in courts of this State *ex gratia* only. Our courts cannot have a nonresident bar." *Motion to admit Ole Mosness, Esq., to Bar*, 39 Wis. 511.

Solely on the ground that he is not a resident of the State of Michigan we must decline to reinstate petitioner as an attorney at law in this State.

The petition, therefore, is denied.

STONE, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred with WIEST, J.

FELLOWS, C. J., concurred in the result.