[Civ. No. 4751. First Appellate District, Division One.—December 10, 1923.]

In the Matter of DANIEL O'CONNELL, Formerly an Attorney and Counselor at Law.

[1] ATTORNEY AT LAW—DISBARMENT—REINSTATEMENT—SUFFICIENCY OF PUNISHMENT.—The question for determination in an application for reinstatement by a disbarred attorney is not the sufficiency of the punishment already suffered by him, but the fitness of the applicant to be admitted to the practice of the law; and a belief that the attorney has been sufficiently punished will not warrant his reinstatement.

[2] ID.—SYMPATHY OF COURT—DUTY.—In proceedings for reinstatement by a disbarred attorney the court owes a solemn duty to the community and to the legal profession which must be performed without regard to feelings of sympathy for the applicant.

APPLICATION for reinstatement as an attorney and counselor at law after disbarment.

The facts are stated in the opinion of the court.

Daniel O'Connell, *in pro. per.*, for Applicant.

H. W. Glensor and Ernest Clewe for Respondent, Bar Association of San Francisco.

TYLER, P. J.—This is an application for reinstatement as an attorney and counselor at law after disbarment.

The petition recites that the applicant was disbarred on February 20, 1921, upon the filing in the supreme court of a certified copy of a judgment of conviction of a felony, and that by said judgment petitioner was sentenced to

imprisonment in the state penitentiary for a period of seven years, and that he was discharged June 5, 1923.

Petitioner alleges that he has suffered great mental and physical pain, and has also suffered great financial and professional losses by reason of his imprisonment, and prays that he may be reinstated as an attorney and counselor.

[1] The question for determination in an application for reinstatement by a disbarred attorney is not the sufficiency of the punishment already suffered by him, but the fitness of the applicant to be admitted to the practice of the law. The disbarment of an attorney is not intended primarily as punishment but as a measure for the protection of the public and the bar; and, therefore, a belief that the attorney has been sufficiently punished will not warrant his reinstatement. Courts will not ordinarily reinstate an attorney when his petition for reinstatement follows closely upon his disbarment. Accordingly it has been held that such application will not be considered where the attorney has been deprived of his license for only three years, though the application be supported by testimonials of numerous persons to his conduct and present good character (*In re Cate*, 54 Cal. App. 401 [201 Pac. 964], 60 Cal. App. 279 [212 Pac. 694]; *In re Shepherd*, 35 Cal. App. 492 [170 Pac. 442]; *In re Stevens*, 59 Cal. App. 251 [210 Pac. 442], 63 Cal. App. 80 [218 Pac. 57]). [2] In proceedings of this character the court owes a solemn duty to the community and to the legal profession which must be performed without regard to feelings of sympathy for the applicant (*In re Hahn*, 62 Mont. 534 [205 Pac. 667]).

We find nothing in the record sufficient to warrant us in granting the application at this time. This being so, we do not deem it necessary to pass upon questions raised by the demurrer filed on behalf of the bar association.

The petition is denied.

St. Sure, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 8, 1924.

All the Justices concurred except Wilbur, C. J., and Myers, J., who were absent.