*In re* BONAM.

1. ATTORNEY AND CLIENT—RULES GOVERNING ADMISSION TO PRACTICE ARE REASONABLE.

> Rules and regulations prescribed by statute (3 Comp. Laws 1929, § 13578) governing admission and enrollment of attorneys at law, their right to practice, and evidence by which that right shall be conclusively determined are reasonable.

2. Same—Failure to File Required Affidavit With Supreme Court Clerk.

> Attorney admitted to practice in circuit court in 1925, who did not file with Supreme Court clerk affidavit required by 3 Comp. Laws 1929, § 13578, is not entitled to certificate of admission to practice from Supreme Court as of said date, because he was not then registered and enrolled in this court.

Application of Roy W. Bonam in this court for a certificate of admission to the bar. Submitted May 29, 1931. (Calendar No. 35,894½.) Denied June 16, 1931.

*Roy W. Bonam, in pro. per.*

PER CURIAM. Plaintiff asks this court to grant him a certificate of admission to practice as an attorney and counselor at law and in chancery in the Supreme Court of the State as of September 24, 1925.

Plaintiff passed examination before the board of law examiners, and September 24, 1925, was admitted to practice by the circuit court of Wayne county.

The statute, 3 Comp. Laws 1929, § 13578, provides that one otherwise qualified may be admitted to practice as an attorney and counselor in all the courts of record of this State on motion made in the Supreme Court or any circuit court of the State, upon producing the certificate required by law. The statute further provides:

"In case of admission to practice otherwise than on motion made in the Supreme Court, no person shall be entitled to practice as an attorney and counselor in the courts of this State until he files with the clerk of the Supreme Court his affidavit showing his name, residence, citizenship and the court by which he was admitted to practice in this State, together

with a certified copy of the order upon which the admission was made."

This statute further provides:

"The clerk of the Supreme Court shall prepare and keep a register of attorneys and counselors authorized to practice law in this State, as appears from the records in his office, and shall file and preserve the affidavits herein provided for, and enter from time to time on the said official register the names of persons who have complied with the terms of this act, and have become attorneys and counselors entitled to practice law in this State."

The statute also provides:

"Said register of attorneys and counselors is declared to be a public record, and after January one, nineteen hundred twenty-five, shall be conclusive evidence that the persons therein named (and none others) are attorneys and counselors in the courts of record in this State."

Plaintiff did not comply with the provisions of the statute providing that before he shall be entitled to practice he shall file with the clerk of the Supreme Court the affidavit prescribed by the statute until May 15, 1931.

The legislature, in the exercise of the police power, has prescribed the rules and regulations contained in the statute governing admission and enrollment of attorneys at law, their right to practice, and the evidence by which that right shall be conclusively determined. We think these rules and regulations reasonable.

We cannot grant plaintiff a certificate of admission to practice as an attorney and counselor at law of this State as of September 24, 1925, because plaintiff was not then registered and enrolled as such in this court. Plaintiff's application is therefore denied without prejudice and without costs.