IN THE MATTER OF H— S—.—165 S. W. (2d) 300.

St. Louis Court of Appeals. Opinion filed November 4, 1942.

Motion for Rehearing overruled November 17, 1942.

*Robert Kratky* for petitioner.

1298

*George L. Stemmler, John S. Marsalek, Amandus Brackman, Ronald J. Foulis* and *R. Walston Chubb,* Chairman, Bar Committee for the Eighth Judicial Circuit of Missouri.

*Clifford Greve,* of counsel.

PER CURIAM:—Application for reinstatement as a member of the Bar of this State. On March 16, 1934, this court entered its judgment and decree as follows:

"The judgment of the Court is that respondent be removed from the practice of the law in the courts of this State, and that his license to engage in the practice of the law in this State be revoked."

This judgment and decree was entered after a hearing was duly held upon a complaint charging the respondent with malpractice and misdemeanor in his professional capacity, in attempting to induce a police officer to violate his official duty. The case is reported in 69 S. W. (2d) 325.

Among other things the application for reinstatement says that subsequent to the decree of disbarment the applicant returned to the home city of his parents, to-wit, Taylorsville, Illinois, and has since that time been engaged in the retail shoe business in association with his father; that he has engaged in civic and communal affairs of Taylorsville, Illinois, and that his conduct has been exemplary and and above reproach.

At the outset we are confronted with the question of whether or not this court has jurisdiction to entertain the application. We take it that this court is not so much concerned with such questions as (1) the right of the Legislature to encroach upon matters which belong solely to the judiciary, and (2) whether statutory provisions pertaining to the admission and licensing of attorneys and to the removal or suspension of attorneys, are constitutional or reasonable regulations. Those questions are of vast importance but should be and are reserved for the Supreme Court to determine when properly presented to it. We may as individual judges entertain pronounced and well-

considered views on such matters, but they are not before us for determination or the expression of such views. What is before us, and is entitled to our most serious and studied consideration, are the provisions of our statutes, Chapter 93, Revised Statutes 1939, under which this petitioner was admitted and licensed as an attorney, and was afterwards removed from the practice of the law in the courts of this State and his license to engage in the practice of the law in this State was revoked, and under the provisions of which he now seeks to be reinstated in the practice of law and as a member of the Bar of this State. And as to whether any one or more of the sections of the statutes contained in Chapter 93, is, in part or as a whole, wise or unwise, reasonable or unreasonable, constitutional or unconstitutional is beside the question in so far as power is given this court to adjudicate. Hence we shall refrain from expressing our individualistic views on such matters, and any reference which might apparently involve such matters is only used in our endeavor to ascertain the meaning and give a logical construction to what has been expressed by the Legislature.

However, in the consideration of this application we do have not only the right but the duty in applying the yardstick of the Legislative enactments to the application before us, to construe and determine the meaning of the Legislative enactments, and in so doing to give to each of them a reasonable and logical meaning, if such can be done, and with a view that each of them is a reasonable and constitutional exercise of Legislative functions. We must thus follow and apply the statutes unless and until they are stricken down by the only court that can properly do so. If the Supreme Court has construed a statute, we are bound to follow its construction, but in case we have no guide by way of a Supreme Court construction, and the statute and the various sections thereof are before us in a given case, our duty is to place a construction thereon which is reasonable and logical and if possible will give meaning to each section of the statute consistent with all other sections regarding the same subject-matter.

The whole of Chapter 93, Revised Statutes 1939, entitled "Attorneys at Law" has remained the same since before 1928, at which time this applicant was admitted and licensed to practice as an attorney in the courts of record in this State, consequently all references to the statutes will be made to the sections as numbered in the Revised Statutes of Missouri 1939.

Before any person is permitted to practice as an attorney in this State, such person must be admitted and licensed by the Supreme Court. So much is provided by Section 13316, which reads as follows:

"Sec. 13316. The power to admit and license persons to practice as attorneys and counselors in the courts of record of this State, or in

any of them, is hereby vested exclusively in the Supreme Court, subject to such regulations as are hereinafter provided."

The words "admit and license," as used in this section are inseparable and refer to the same thing. In order to constitute an admission to practice as an attorney, after the applicant has complied with the statutory requirements as to age, moral character and residence in this State, and passed a satisfactory examination as to learning and skill in the law, his admission as a member of the bar and privilege to practice as an attorney is consummated by the issuance to the applicant of a license, which is a certificate of his admission, and can be issued only by the Supreme Court.

Then by Section 13328 it is provided that, "Any attorney or counselor at law may be removed or suspended from practice in the courts of this State for any of the following reasons: Among the reasons specified is the following, "Second, . . . if he is guilty of any malpractice, fraud, deceit or misdemeanor whatsoever in his professional capacity;" which was the complaint as made against this respondent. And by Section 13329 it is provided that the charges against an offending attorney may be exhibited and proceedings had thereon, "in the Supreme Court, in any of the Courts of Appeals, or in the circuit court of the county in which the actions or practices complained of shall have been committed or the accused resides."

In this case the complaint was filed in this court, the hearing was had, and the judgment rendered as above set forth.

The section of the statutes under which this application is sought to be presented to this court is Section 13336, which is as follows:

"Sec. 13336. Every final judgment or order of removal or suspension, made in pursuance of the provisions of this chapter by any court so authorized, shall operate, while it continues in force, as a removal or suspension from practice in all the courts of this State: Provided, that any attorney or counselor at law removed from practice or suspended for a longer term than one year, on application to the Supreme Court or in the court in which the judgment of removal or suspension was first rendered, may be reinstated as such attorney or counselor at law, in the discretion of the court, at any time after one year from the date of such judgment of removal or suspension."

We cannot see that it makes any material difference under our statutes whether an application for reinstatement as an attorney or counselor at law is to be construed as a continuation of the original proceedings for removal, or, as an application for admission to practice as an attorney. That question has been before the courts of other States, and the cases are divided on the question. The courts of our State have never had the question before them, and in as much as we base our conclusion on other grounds there is no occasion for our attempting to settle that question.

Did the Legislature mean by the proviso to Section 13336, that any attorney who had been permanently and finally "removed from practice" and his license revoked, that is, disbarred, could be reinstated and again licensed by this court or by a circuit court if the proceedings had been in the circuit court? Clearly not. When this court permanently removed respondent from the practice of the law and revoked his license, it would be absurd to say that this court could thereafter (after one year from the date of such judgment of removal) reinstate the attorney and also license him to practice law, in the face of the statute that the power to admit and license attorneys is vested exclusively in the Supreme Court by Section 13316. True, that section does provide that such power in the Supreme Court is "subject to such regulations as are hereinafter provided." But nowhere throughout the chapter is there any regulation which by the most liberal construction would authorize the issuance of a license or certificate to practice as an attorney except by the Supreme Court. The license or certificate issued by the Supreme Court to this applicant was revoked by this court and applicant removed from the practice of the law. In so doing this court was acting with full statutory authority. The statute does not confer upon this court the authority to "admit and license" a person to practice as an attorney, but it does authorize this court to remove an attorney from the practice of the law, which of necessity would include the authority to revoke his license. Therefore, it would be a meaningless and useless gesture for this court to entertain an application to reinstate this applicant, when we have no authority whatever to issue him a license as an attorney. Nor do we think Section 13336 is subject to a construction that would thus place a Court of Appeals or a circuit court in such an anomalous position.

We think the more reasonable and logical construction to be placed on Section 13336, and which makes it accord with all other sections of the same chapter, is, that in case the removal from practice or suspension is for a definite term or subject to the further order of the court, that the application for reinstatement may be made, in such a case, to the Court of Appeals or the circuit court, because in that case the license of the attorney has not been revoked but merely withheld or suspended, or rather the right to use it has been taken from the holder for a definite term or until a further order of the court, without revoking it.

In other words, Section 13336 is subject to the construction that the Legislature had in mind the entire Chapter 93, and intended that removal or suspension might in one case mean the same thing, to-wit, a temporary removal or suspension, whereas the words "removed from the practice" might in another case have an entirely different meaning, to-wit, the disbarment of the attorney and revocation of his license, and in the latter case, to-wit, a permanent removal and revo-

cation of license, the Supreme Court only could entertain an application for a reinstatement and the issuance of a license, and in the other case either of the named courts could entertain such application. As to which of the named courts (the Supreme Court, the Court of Appeals or the circuit court) would have jurisdiction to entertain the application for reinstatement would depend on the kind and character of the judgment which had been rendered against the offending attorney. So reading Section 13336 it would not be conflicting with the other sections of the same chapter.

In this case the judgment of removal was a disbarment and was a permanent removal and revocation of license, and consequently the Supreme Court only and exclusively having the power to cause a license to be issued, is the only court that could entertain a petition for reinstatement.

Furthermore, Section 13317 requires that every applicant for admission and license must be a resident of this State. The petitioner makes it clear in his application that he is not a resident of this State and has not been for over eight years, but that he is a resident of Taylorville, Illinois. Rule 38 (a) for the government of the Supreme Court of Missouri provides as follows:

"The word 'resident' as used with reference to admission to practice law in this State, includes *bona-fide* residents of this State and any person residing in an adjoining county of an adjacent State who in good faith intends to maintain a office and practice law in this State."

Consequently both the Statute and the Rule of the Supreme Court foreclose this petitioner from the right to be admitted or to have issued to him a license as an attorney, we taking judicial notice that Taylorville, Illinois, where petitioner resides is not in an adjoining county of an adjacent State, and if no other reason were assigned, this of itself would divest this court of any jurisdiction to entertain the application.

Speaking on this question, in the case of In re Salsbury, 217 Mich. 260, 186 N. W. 404, the Court said:

"We cannot, however, reinstate an attorney under circumstances where he has no longer the necessary qualification of residence within this State. Since 1903 petitioner has not resided within this State.

We approve of the following language of the Supreme Court of the State of Wisconsin:

" 'The office of attorney and counselor of the courts is one of great official trust and responsibility in the administration of justice, one liable to great abuse, and has always been exercised in all courts, proceeding according to the course of the common law, subject to strict oversight and summary power of the court. It would be an anomaly, dangerous to the safe administration of justice, that the office should

be filled by persons residing beyond the jurisdiction of the court, and practically not subject to its authority. . . . '

"Solely on the ground that he is not a resident of the State of Michigan, we must decline to reinstate petitioner as an attorney at law in this State."

For the reasons herein assigned the petition for reinstatement should be dismissed. It is so ordered.