TONELLA *v.* KAUFMAN.

1. Attorney and Client—Nonresident Attorney—Failure to File Statement as to Address.

A nonresident attorney who had been duly admitted to practice law in this State before the enactment of the statute creating the State bar was not thereby automatically removed from active membership where neither the statute nor rules promulgated pursuant thereto do not provide that failure to file a statement as to business and residence addresses and judicial circuit within which principal office was located would result in such removal (CL 1948, §§ 691.51, 691.52; State Bar Rules, §§ 2, 3 [1935]).

2. Same—Active Member of State Bar—Payment of Dues.

An active member of the State bar who is not in default 30 days after notice of nonpayment of dues is not deemed suspended from active membership (CL 1948, §§ 691.51, 691.52; State Bar Rules, § 4 [1935]).

3. Same—Nonresident—Statutes—State Bar Rules.

Attorney who was admitted to practice in this State in 1910 need not be a resident of, nor maintain an office in, this State in order to practice law in this State in view of absence of requirement in statute at time of admission that licensee be a resident or exclusion from active membership under State bar rules because of such nonresidence (PA 1895, No 205, as amended by PA 1897, No 93; CL 1948, §§ 691.51, 691.52; State Bar Rules).

4. Same—License to Practice—Active Member of State Bar.

Attorney whose name had been duly recorded in the register kept by the clerk of the Supreme Court and whose license had not been revoked or suspended automatically became an active member of the State bar upon its organization (PA 1895, No 205, as amended by PA 1897, No 93; CL 1948, §§ 601.52, 691.51, 691.52; State Bar Rules).

References for Points in Headnotes

[1–5] 5 Am Jur, Attorneys at Law, §§ 16, 16.1.

5. SAME—PROCESS—PLEADING—NONRESIDENT ATTORNEY.

Summons which was subscribed with the name of a nonresident attorney who was on the active list of members of the State bar and declaration, signed by plaintiff, and which did not designate any attorney as appearing for her, although outside cover of declaration bore such nonresident attorney's name, were not invalid by reason of such attorney's nonresidence (PA 1895, No 205, as amended by PA 1897, No 93; CL 1948, §§ 613.1, 613.2, 691.51, 691.52; State Bar Rules).

Appeal from Marquette; Jackson (Glenn W.), J. Submitted June 13, 1950. (Docket No. 55, Calendar No. 44,738.) Decided September 11, 1950.

Action by Marie Louise Tonella against Young Kaufman and another for injuries suffered as result of an assault and battery. Service of process quashed on motion of defendants. Plaintiff appeals. Reversed and remanded.

*Bernard P. Barasa, Sr.* (*Aaron Lowenstein,* of counsel), for plaintiff.

*John J. Walsh,* for defendants.

*Amicus Curiae:*

*Albert E. Blashfield, David C. Pence* and *E. Blythe Stason,* for Board of Commissioners of the State Bar of Michigan.

NORTH, J. Decision herein necessitates determination of whether Bernard P. Barasa, Sr., a licensed practicing attorney in Illinois, was also licensed to practice law in this State at the time the summons was issued and served on defendants in this suit. So far as essential to decision the factual background may be stated as follows:

This action was commenced July 19, 1949, in the circuit court for Marquette county, Michigan, by issuance of a summons with copy of the declaration attached when served. The declaration was signed only by plaintiff. However the names and addresses of her attorneys appeared on the outside cover of the declaration, but they were not there designated as attorneys for plaintiff. Plaintiff did not comply with CL 1948, § 613.1 (Stat Ann § 27.731), which provides in part, "but the plaintiff in his declaration, and the defendant in his plea, shall state the name of the attorney or attorneys by whom they respectively appear." On the face of the declaration plaintiff's suit would appear to be brought in her own proper person. The summons when issued was subscribed with the names of Bernard P. Barasa, Sr., and Samuel A. Rinella, both of Chicago, Illinois, as attorneys for plaintiff. Service by an undersheriff was made on defendants July 19, 1949. Mr. Rinella was not, and apparently never has been, licensed to practice law in Michigan. Mr. Barasa was licensed to practice law, on motion, in this State on October 6, 1910, by the Michigan Supreme Court. He was not then and at no time since 1905 has been a resident of this State. At the time of commencement of suit his business address was in Chicago, Illinois, where he was associated with Mr. Rinella in the practice of law. Since his admission to the Michigan bar in 1910, Mr. Barasa has tried cases in the courts of this State on different occasions, but not for a number of years next preceding the institution of the instant suit. The record contains no evidence that he ever maintained an office in this State for the practice of law, and he makes no claim that he has. Instead at the time this suit was started his business address was given as "Suite 405, One North LaSalle Street, Chicago 2, Illinois."

On July 28, 1949, defendants by their attorney appeared specially and moved to quash the summons and service thereof, and to dismiss the action, on the ground that neither Mr. Barasa nor Mr. Rinella was a member of the State bar of Michigan at the time of commencement of suit, and therefore did not have the "legal right, power or authority" to cause the summons to be issued, or to represent the plaintiff as attorneys within this State.

Subsequently to defendants' motion to quash being filed and on August 17, 1949, Mr. Barasa applied to the executive secretary of the State bar association for registration as an active member of the State bar of Michigan, tendering at the same time his annual dues for the years 1948 and 1949. In due course and prior to the hearing of defendants' motion, Mr. Barasa was so registered, and was issued an active membership card showing his dues were paid to December 31, 1949.

On September 6, 1949, defendants' motion to quash and dismiss was argued in the Marquette circuit court. While the hearing was somewhat informal, Mr. Barasa's admission in 1910 to practice law in this State, a current State bar of Michigan active membership card, and a certificate of the Michigan Supreme Court dated November 16, 1948, that Mr. Barasa was admitted to practice law in Michigan October 6, 1910, "and that he is now and has been ever since his said admission in good standing as such," were made known to the trial court by exhibits offered and received in evidence. After hearing the respective attorneys and taking the motion under advisement, the circuit judge, on the ground that neither of the attorneys who subscribed the summons (which was not signed by plaintiff) was entitled to practice law in this State, granted the motion to quash the summons and to vacate service thereof, but denied defendants' motion to dismiss plaintiff's

suit. From the order entered accordingly, plaintiff
has appealed in the nature of certiorari. At no time
in the course of the proceedings in this case does it
appear that either Mr. Barasa or Mr. Rinella made
an application to be permitted to practice in the trial
of this particular case, as provided in CL 1948,
§ 601.49 (Stat Ann § 27.69).

Mr. Barasa's admission to the practice of law in
this State on October 6, 1910, was under PA 1895,
No 205, as amended by PA 1897, No 93. The statute
then provided:

"Sec. 2. Practicing attorneys residents of other
States and Territories, or from foreign countries,
may be admitted on motion to try cases in any of the
courts of this State by such courts, but shall not be
admitted to the general practice of law in this State
without complying with the provisions of this act:
*Provided,* That where the applicant shall furnish the
Supreme Court a certificate of admission to practice
in the court of last resort of any State in the union,
or a certificate of admission to any circuit or district
court of the United States, together with the recom-
mendation of one of the judges of the court of last
resort of such State, said Supreme Court may, in its
discretion, if satisfied as to his qualifications, admit
such person to practice on motion made by some
member of the bar of said court."

At that time (1895) the statute did not require
residence or maintenance of an office in this State as
a condition of being admitted to the practice of law
in Michigan. No statute was passed prior to PA
1935, No 58 (CL 1948, § 691.51 *et seq.* [Stat Ann
§ 27.101 *et seq.*]), which affected Mr. Barasa's sta-
tus as an attorney licensed to practice law in Michi-
gan. In so stating we are mindful of PA 1913, No
163 (particularly section 2), and PA 1915, No 314
(particularly chapter 1, § 50), which to some extent
modified the law governing the admission to practice

law in this State. For like provisions see CL 1948, § 601.50 (Stat Ann § 27.70).

But the pertinent question remains as to whether under PA 1935, No 58 (CL 1948, §§ 691.51, 691.52), which is entitled: "An act to create the State bar of Michigan; and to authorize the Supreme Court to provide for the organization, regulation and rules of government thereof," and the rules governing the Michigan State bar association as adopted by the Supreme Court effective December 2, 1935 (See 273 Mich, p xxxv, *et seq.*), there were imposed upon Mr. Barasa certain requirements as to registration as a condition of his continuing in the status of an attorney licensed to practice in the courts of Michigan. PA 1935, No 58, § 2, provides:

"The Supreme Court is hereby authorized * * * to provide rules and regulations concerning the conduct and activities of the association and its members."

Sections 2 and 3 of the Michigan State bar rules adopted by the Supreme Court read:

"Sec. 2. Those persons who on December 2, 1935, are licensed to practice law in this State, and those who shall thereafter become licensed to practice law in this State, shall, subject to the provisions of these rules, constitute the membership of the State bar of Michigan. Each member shall promptly file with the secretary of the State bar a statement setting forth his business and residence addresses and the judicial circuit within which his principal office is located. He shall notify the secretary in writing of any subsequent change of address.

"Sec. 3. Members of the State bar shall be divided into two classes, namely, active members and inactive members. The class of active members shall include all members who have not specifically requested to be enrolled as inactive members. Any member who is not engaged actively in the practice

of law in this State may, if he so elects and files written application with the secretary, be classified as an inactive member. Any inactive member may, on filing written application with the secretary and payment of the required dues, become an active member. No inactive member shall practice law, vote or hold office in the State bar. Judges of courts of record shall register as active members. Any person not an active member who practices law shall be subject to discipline." 273 Mich, p xxxv, *et seq.**

Notwithstanding Mr. Barasa did not, prior to the starting of the instant case, file with the secretary of the State bar association a statement as provided in section 2 of the rules, it does not follow that in consequence he was automatically removed from active membership in the association. The rules do not so provide, and we cannot so hold. Whether by reason of his not having complied with the rule, by proper proceedings Barasa's name might have been stricken from the register of attorneys, is not presently presented for determination.

Further, it does not appear in the record before us that Mr. Barasa ever "requested to be enrolled," as an inactive member of the Michigan bar, and hence under section 3 of the State bar rules he automatically became an active member. Under section 4 of the rules, only active members are required to pay annual dues and this section provides for written notice by registered mail of nonpayment of dues; and if the arrears in dues are not paid within 30 days after notice, the member "shall thereupon be deemed suspended from active membership in the State bar." Insofar as appears from the record, Mr. Barasa was never given notice of nonpayment of dues and, hence,

---

* So far as applicable to the instant case, the sections above quoted were not materially changed by the amendments as approved in April, 1947, and found in 317 Mich, p xxxix, *et seq.*

he was not on that account "deemed suspended from active membership."

In view of the foregoing we hold that at the time Mr. Barasa was admitted to practice in this State (October 6, 1910) it was not requisite that he should be a resident of Michigan or that he should maintain an office therein. Further, by PA 1915, No 314, chap 1, § 52, as amended by PA 1923, No 103, and PA 1937, No 43 (CL 1948, § 601.52 [Stat Ann § 27.72]), it is provided:

"The clerk of the Supreme Court shall prepare and keep a register of attorneys and counselors authorized to practice law in this State, as appears from the records in his office."

Mr. Barasa's name was so recorded in the register kept by the clerk of the Supreme Court. By the same section of the statute it is also provided:

"Said register of attorneys and counselors is declared to be a public record, and after January 1, 1925 shall be conclusive evidence that the persons therein named (and none others) are attorneys and counselors in the courts of record in this State."

Since it appears that Mr. Barasa was regularly admitted in 1910 to practice law in this State, and there is no showing of his license having been revoked or suspended, and further since under the statute and State bar rules Mr. Barasa automatically became an active member of the Michigan bar, and no notice of arrears in dues having been served on him or any proceedings taken to change his status as an active member of the State bar association, we hold that he was legally licensed to practice law in Michigan at the time the summons in this cause was issued and served.

As to the requisite that before delivery of process to an officer for service it "shall be subscribed or in-

dorsed with the name of the attorney for the plaintiff," see CL 1948, § 613.2, and Michigan (1945) Court Rule No 13, §§ 2, 3.

In reaching decision herein we are mindful of our former holdings in the following cases: *In re Salsbury,* 217 Mich 260; *In re Bonam,* 255 Mich 59; and *Ayres* v. *Hadaway,* 303 Mich 589; but it is obvious that the issue in each of these cases was very different than that in the instant case.

The opinion in the *Salsbury Case* concludes as follows: "Solely on the ground that he (Salsbury) is not a resident of the State of Michigan we must decline to reinstate petitioner as an attorney at law in this State." But that holding was necessitated by a modification of the statute as to the requirement of residence enacted some years after Mr. Barasa was admitted to the Michigan bar, and has no bearing upon the regularity of the latter's admission.

In *Re Bonam,* decision was controlled by statutory provisions applicable "in case of admission to practice otherwise than on motion made in the Supreme Court." But in the instant case it uncontrovertibly appears that Mr. Barasa was admitted on motion in the Supreme Court. Hence, the statutory provisions which controlled decision in the *Bonam Case* have no application to the case at bar.

In the other cited case, Ayres attempted to appear as an attorney of counsel for the plaintiffs. His name did not appear on the active list of attorneys of the State bar of Michigan. Instead he was registered as inactive. As above noted, section 3 of the rules of the State bar expressly provides: "No inactive member shall practice law." On objection made it was held that Ayres could not represent others who were plaintiffs as their attorney, and we affirmed the trial court's holding. There is no disposition to depart from that holding, but it has no application to the instant case.

The case is remanded to the trial court with direction to set aside the order from which this appeal was taken. Thereafter defendants may plead within rule time. Plaintiff may have costs of this appeal.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.