STATE OF NEBRASKA EX REL. C. A. SORENSEN, ATTORNEY GENERAL, PLAINTIFF, v. LAWRENCE B. GOLDMAN, DEFENDANT.

153 N. W. 2d 451

Filed October 13, 1967. No. 28593.

See 127 Neb. 340, 255 N. W. 32, for original opinion.

Clarence A. H. Meyer, Attorney General, and Gerald S. Vitamvas, for plaintiff.

William J. Whistler and John P. Glynn, Jr., for defendant.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an application by Lawrence B. Goldman for reinstatement as a member of the bar of this state.

Goldman was admitted to the bar of Nebraska in 1921. In 1934, while engaged in the practice of law in Omaha, he was disbarred for violating the rules of professional legal ethics. See State ex rel. Sorensen v. Goldman, 127 Neb. 340, 255 N. W. 32. In 1954, Goldman made application for reinstatement which this court denied. In 1963, a second application for reinstatement was made and it, too, was denied. In 1967, a third application was made, the same being the application presently before this court.

The application shows that Goldman has not engaged in the practice of law since his disbarment. He also asserts that he does not intend to practice law in the future and that he desires reinstatement to clear his name and to remove the stigma of the disbarment order. He asserts also that he has been disbarred for a period of 33 years and that such period of time constitutes adequate punishment for the breach of professional ethics committed. In an application for reinstatement to the practice of law, this court owes a solemn duty to the public and the legal profession which must be performed without regard to feelings of sympathy for the applicant. In re O'Connell, 64 Cal. App. 673, 222 P. 625; In re O'Keefe, 62 Mont. 534, 205 P. 667. A mere sentimental belief that a disbarred lawyer has been punished enough will not justify his restoration to the practice of law. The primary concern is: Is the applicant, notwithstanding his

former misconduct, now fit to be admitted to the practice of law and is there reasonable ground to believe that his present fitness will permanently continue in the future? Reinstatement after disbarment should be difficult rather than easy. In re Morton, 75 Cal. App. 497, 243 P. 32.

The court that has disbarred an attorney has the inherent power to reinstate him to the practice of law. Such reinstatement means that he will be again invested with the right to engage in the practice of law, but it is not a revocation or vacation of the order of disbarment. It does not relate back in point of time to the disbarment, but merely invests him with the rights, duties, and obligations of an attorney at law from the date of reinstatement. Where a disbarred attorney, since his disbarment, has demonstrated by rectitude of conduct that he is possessed of moral character sufficient to again be a member of the bar, he may be reinstated. In re Salsbury, 217 Mich. 260, 186 N. W. 404.

The application is supported by a showing that the applicant, while a resident of Oklahoma for many years, has by his good conduct indicated that he has overcome the unethical habits possessed at the time of his disbarment and regained the high moral character required to be admitted to the practice of law. The showing includes the recommendations of eminent judges, lawyers, businessmen, and lay citizens as to his present good character and reputation in the communities in which he has lived since his disbarment. We hold that the proof of good character is adequate to establish that his moral character and ethical conduct is sufficient to warrant reinstatement.

The evidence shows, however, that the applicant is and has been for many years a resident of the State of Oklahoma. It is the law of this state that this court has no authority to reinstate a nonresident to the practice of law in this state. Aside from his moral reformation, an applicant for reinstatement must otherwise be eligible for admission to the bar as in an original appli-

cation. One of the requisites is that the applicant shall be a bona fide resident of the state the same as when first admitted to the bar. See, Ex parte Marshall, 165 Miss. 523, 147 So. 791; In re Salsbury, *supra*.

The Rules of the Supreme Court governing the admission of attorneys provides in part as follows: "An applicant for admission to the bar must be a citizen of the United States and must show that he is a bona fide resident of the State of Nebraska at the time of filing his application." Revised Rules of the Supreme Court of Nebraska, Part II, Rule 2. The requirements for reinstatement being the same as for original admission to the bar, the defendant, irrespective of adequate proof of present good moral character, cannot be reinstated since residence in this state is a necessary qualification. Solely on the ground that applicant is not a resident of the State of Nebraska, we must deny the application of Goldman for reinstatement as an attorney at law in this state. The application, therefore, is denied.

DENIED.