STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. GARY D. MELLOR, RESPONDENT.
712 N.W.2d 817

Filed May 5, 2006.   No. S-96-1290.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

James R. Kozel for respondent.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

PER CURIAM.

Gary D. Mellor was disbarred by this court on June 20, 1997. *State ex rel. NSBA v. Mellor,* 252 Neb. 710, 565 N.W.2d 727 (1997). On June 24, 2005, he filed an application for reinstatement of his license to practice law in Nebraska. Counsel for Discipline filed a resistance to the application, and we appointed a referee pursuant to Neb. Ct. R. of Discipline 10(V) (rev. 2005). After conducting an evidentiary hearing, the referee recommended denial of the application, and Mellor filed exceptions. The matter was then briefed and argued to this court. Upon consideration of the record and the arguments of counsel, we deny Mellor's application for reinstatement.

## FACTS

Mellor was admitted to the Nebraska bar in 1989. In 1997, he was disbarred after voluntarily surrendering his license and admitting that he violated Canon 1, DR 1-102(A)(1), (3), and (6) of the Code of Professional Responsibility as adopted by the Nebraska Supreme Court. See *State ex. rel. NSBA v. Mellor, supra.* Mellor's violations of the code resulted from his conviction for violating 18 U.S.C. §§ 2 and 2252(a)(2) (1994) by knowingly and intentionally receiving a visual depiction of a minor engaging in sexually explicit conduct that was mailed, shipped, or transported by computer in interstate commerce. Mellor entered a guilty plea in the U.S. District Court for the District of Kansas, admitting that he committed the charged felony offense. Consistent with federal sentencing guidelines in place at the time of his conviction, Mellor was sentenced to 366 days in prison, to be followed by 2 years of supervised release. He received credit for good time and was released after he had been incarcerated for 10½ months.

After his release, Mellor moved to Omaha, Nebraska, and sought treatment with a counselor he had been seeing prior to his incarceration. He was referred to another counselor and continued in counseling from 1998 to 2005, for the most part with Marlys Oestreich, who testified on his behalf. During that time, he successfully completed his term of supervised release.

Based upon her initial evaluation, Oestreich concluded that Mellor was in the early stages of sexual addiction. However, she

concluded that he did not have pedophilic tendencies. Oestreich developed a course of therapy for Mellor and measured his progress based on several criteria. At the hearing on October 28, 2005, she testified that Mellor had made "excellent" progress in dealing with his addiction. Oestreich testified that she had no concerns from a clinical standpoint that readmitting Mellor to the practice of law would endanger any member of the public and that through his treatment, he was able to use more appropriate tools to deal with stress.

Mellor has no criminal record other than the 1996 conviction which resulted in his disbarment. He has maintained gainful employment since his release, working for the same employer in the field of retail sales for the past 4 years. He obtained and held a real estate broker's license from August 1998 until at least July 2004 and, at the time of the hearing, was in the process of seeking a professional license to be a drug and alcohol counselor. As part of his practicum requirement, Mellor volunteers at a homeless shelter that provides inpatient residential treatment for drug and alcohol addicts.

In responses filed in this proceeding, the Disciplinary Review Board did not oppose Mellor's reinstatement and the Committee on Inquiry of the Second Judicial District recommended that his application for reinstatement be granted. Mellor's wife, daughter, and a longtime friend testified in support of Mellor's good character. Mellor also submitted a letter from a business owner who has known him for approximately 10 years and an affidavit of support from a longtime friend, both attesting to his good character. He also submitted a letter from his former wife, describing the good relationship which Mellor has maintained with his children.

The referee found Mellor to be credible and determined that Mellor's own testimony created a favorable impression. However, the referee expressed concern that there were no written recommendations from an employer, a treating psychiatrist, a lawyer, a judge, or a minister. The referee also noted what he perceived as a lack of legal proficiency should Mellor be readmitted. The referee concluded that Mellor had not presented clear and convincing evidence to justify his reinstatement from the order of disbarment.

## STANDARD OF REVIEW

In attorney discipline and admission cases, the Nebraska Supreme Court reviews recommendations de novo on the record, reaching a conclusion independent of the findings of the referee, provided, however, that where credible evidence is in conflict on material issues of fact, it considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another. See *In re Appeal of Lane*, 249 Neb. 499, 544 N.W.2d 367 (1996).

## ANALYSIS

As the court which disbarred Mellor, we have inherent power to reinstate him to the practice of law. See *State ex rel. Sorensen v. Goldman*, 182 Neb. 126, 153 N.W.2d 451 (1967). However, in considering an application for reinstatement to the practice of law, this court owes a solemn duty to protect the public and the legal profession, which consideration must be performed without regard to feelings of sympathy for the applicant. See *id.* A mere sentimental belief that a disbarred lawyer has been punished enough will not justify his or her restoration to the practice of law. The primary concern is whether the applicant, notwithstanding the former misconduct, is now fit to be admitted to the practice of law and whether there is a reasonable basis to believe that the present fitness will permanently continue in the future. *Id.* In other words, reinstatement after disbarment should be difficult rather than easy. *Id.*

A disbarred attorney has the burden of proof to establish good moral character to warrant reinstatement. *State, ex rel. Spillman, v. Priest*, 123 Neb. 241, 242 N.W. 433 (1932). This burden must be met by clear and convincing evidence. Rule 10(J) and (V). The proof of good character must exceed that required under an original application for admission to the bar, in that it must overcome the former adverse judgment as to the applicant's character. See *State, ex rel. Spillman, v. Priest, supra*. It follows that "[t]he more egregious the misconduct, the heavier an applicant's burden to prove his or her present fitness to practice law." *Matter of Robbins*, 172 Ariz. 255, 256, 836 P.2d 965, 966 (1992).

The misconduct which precipitated Mellor's disbarment was a federal felony offense committed in 1996. Mellor attributes

his misconduct to an addictive disorder for which he has sought and received treatment. We note that Mellor's efforts to rehabilitate himself appear sincere and successful to a significant degree. The record reflects stability in his familial relationships and employment. However, there is also evidence that on two occasions, in 1999 and 2003, Mellor engaged in conduct which, although not unlawful, was related to the conduct which resulted in his conviction. His therapist characterized this conduct as a "slip or relapse." She also opined that his conduct in this respect was in reaction to stress. The practice of law is a profession which can be attended by significant stress, and a lawyer's inability to manage such stress can harm the interests of a client. *In re Application of Hartmann*, 270 Neb. 628, 705 N.W.2d 443 (2005). The persons who testified or submitted written opinions supportive of Mellor's present character and fitness to practice law did not purport to have personal knowledge of the stress and pressure associated with the work of a lawyer. The record in this case reflects that Mellor discontinued his involvement in a support group dealing with his addiction, and there is no indication that he has made any contact with the Nebraska Lawyers Assistance Program. Thus, we have an insufficient basis upon which to predict whether Mellor's rehabilitation has progressed to the point where he could function as a lawyer without reverting to addictive and potentially unlawful behavior in response to stress.

We share the referee's concern that the record includes no testimony or written support from lawyers or judges regarding Mellor's present character and fitness to practice law. Legal professionals who are acquainted with an individual are in a unique position to assess that person's character and fitness to be a lawyer. This court and others have placed considerable weight on such evidence in deciding whether a disbarred lawyer has met the burden of showing rehabilitation sufficient to warrant reinstatement. In *State ex rel. Sorensen v. Goldman*, 182 Neb. 126, 128, 153 N.W.2d 451, 453 (1967), we noted that a sufficient showing of rehabilitation during a 33-year period of disbarment included "recommendations of eminent judges, lawyers, businessmen, and lay citizens." In *In re Reinstatement of Holleman*, 826 So. 2d 1243 (Miss. 2002), the Mississippi Supreme Court considered the reinstatement application of an

attorney disbarred for a criminal offense similar to that committed by Mellor. The court held that there was sufficient evidence to warrant reinstatement where the evidence included letters from several bar presidents, a former state Supreme Court justice, and numerous other attorneys.

Mellor points to the filings made in his case by the chair of the Disciplinary Review Board, who stated that he was unaware of any information "which would indicate that [Mellor] should not be reinstated," and by the chair of the Committee on Inquiry of the Second Judicial District, who recommended reinstatement because he knew of "no reason why [Mellor] should not be reinstated." The latter filing was made pursuant to rule 10(V), which states that copies of a disbarred lawyer's application for reinstatement

> shall be furnished the Relator, the Counsel for Discipline, the current Chairperson of the Committee on Inquiry for the District which exercised original jurisdiction, and the Chairperson of the Disciplinary Review Board, any one or more of whom may appear and resist such application. Any other persons may likewise appear upon obtaining leave of the Court and make such resistance. Within twenty days thereafter, the Counsel for Discipline and the District Committee on Inquiry, by its Chairperson, shall each file a written statement recommending the application be granted or denied and the reasons therefor.

Because they include no detailed reasoning and there is no indication that they are based on an independent investigation, we regard the filings made in this case by the chairpersons of the Committee on Inquiry and the Disciplinary Review Board as statements that they would not resist reinstatement, and we accord them little weight in considering whether Mellor has met his burden of proof. The recommendations here are unlike the recommendation relied upon by the court in *In re Reinstatement of Holleman, supra.* In that case, the state bar association's recommendation of reinstatement was based on an independent investigation, including a deposition to which the applicant voluntarily submitted.

In addition to moral reformation, an applicant for reinstatement after disbarment must also otherwise be eligible for

admission to the bar as in an original application. See *State ex rel. Sorensen v. Goldman, supra.* Mellor has not demonstrated that he is currently competent to practice law in Nebraska. The record reflects that Mellor maintained a very limited law practice in Nebraska after moving to Kansas in 1994 and that he was twice unsuccessful in passing the Kansas bar examination. Other than assisting inmates with legal matters during his incarceration, it does not appear that he has engaged in any law-related activity or employment since 1996. At the time of the hearing, he had not made arrangements for association with any practicing attorney if his license were reinstated. In contrast, the successful applicant for reinstatement in *In re Reinstatement of Holleman,* 826 So. 2d 1243 (Miss. 2002), had worked as a paralegal after his release from prison and continued to study the law and attend continuing legal education programs. He also provided evidence that the firm for which he worked as a paralegal would employ him as an attorney if his license were reinstated. Even so, the court made reinstatement contingent upon passage of the state bar examination and continued participation in Alcoholics Anonymous or a similar program.

We conclude on the basis of our independent review that Mellor has not met his burden of showing by clear and convincing evidence that his license to practice law in Nebraska should be reinstated at this time. The application is therefore denied.

APPLICATION DENIED.

WRIGHT and MCCORMACK, JJ., not participating.